**Linda JONES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 67A01–0303–CR–86.

Court of Appeals of Indiana.

Dec. 19, 2003.

James R. Recker, Greencastle, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Linda Jones appeals her conviction for battery as class D felony.[1] Jones raises two issues, which we revise and restate as follows:

---

1. Ind.Code § 35–42–2–1–(a)(2)(B) (Supp. 2002).

I. Whether the trial court abused its discretion by admitting the victim's statements to a police officer under the excited utterance exception to the hearsay rule and to his mother under the present sense impression exception to the hearsay rule; and

II. Whether Ind.Code § 35–37–4–6 (1998) is applicable.

We affirm.

The relevant facts follow. On December 1, 2001, Jones babysat all four of Jennifer Johnson's children at Jones's home on Avenue E in Greencastle, Indiana. When Johnson returned three hours later, the house was very dark and quiet. Johnson noticed beer cans on the floor. Jones was sleeping or passed out on the couch. Johnson heard her three-year-old son, D.J., crying from his portable crib. Johnson picked D.J. up and took him into the kitchen to calm him down and to feed him some french fries. Johnson noticed that D.J. had blood on his mouth. Johnson asked D.J. what happened, and he told her that "Grandma Jones hit him in the mouth." Transcript at 91. D.J. also demonstrated what happened by making a fist with his hand and moving it towards his mouth.

Johnson became hysterical, waking everyone in the house. Johnson confronted Jones and asked her why D.J. was bleeding from his mouth. Jones said, "[D.J.] bit his lip chewing on the rails of the bed." Transcript at 93. Johnson did not believe Jones, and she called the police from her cellular phone.

Greencastle Police Officer Ed Wilson responded to the call. Upon his arrival, Johnson approached Officer Wilson's police car with D.J. in her arms and frantically informed him that Jones had hit her child. Officer Wilson observed an injury to D.J.'s bottom lip.

After speaking with Johnson, Officer Wilson spoke with D.J. alone in his police car. D.J. was upset and had been crying. D.J. told Officer Wilson that "Grandma Jones hit him in the mouth." Transcript at 109–110. Officer Wilson asked D.J. if Jones had hit him with an open hand, and "[D.J.] said no and doubled up his fist in a close handed fist action and started pushing towards his lower lip in a punching manner." Transcript at 111. Officer Wilson asked D.J. how many times he was hit, and D.J. said just once. D.J. also told Officer Wilson that Jones hit him because he would not go to bed and it made her mad. Jones informed Officer Wilson that she did not hit D.J. and that D.J. bit his lip while chewing on the rail of the crib.

The State charged Jones with battery as a class D felony. A jury trial was held. At trial, D.J. did not testify. The State, however, introduced hearsay statements made by D.J. about the alleged event through the testimony of Johnson and Officer Wilson. Jones objected to Johnson's testimony about D.J.'s statements that Jones had hit him in the mouth. The trial court admitted Johnson's testimony about D.J.'s statements under the present sense impression to the hearsay rule. Jones also objected to Officer Wilson's testimony about D.J.'s statements that Jones hit him in the mouth because he would not go to bed. The trial court admitted Officer Wilson's testimony about D.J.'s statements under the excited utterance exception to the hearsay rule. The jury found Jones guilty as charged. The trial court sentenced Jones to one and one half years in the Indiana Department of Correction, with six months executed.

■ Jones appeals the trial court's admission of statements made by D.J. to Johnson and Officer Wilson. A trial court has broad discretion in ruling on the admissibility of evidence. *Jones v. State*, 780

N.E.2d 373, 376 (Ind.2002). We will reverse a trial court's ruling on the admissibility of evidence only when the trial court has abused its discretion. *Washington v. State,* 784 N.E.2d 584, 587 (Ind.Ct.App. 2003). An abuse of discretion involves a decision that is clearly against the logic and effect of the facts and circumstances before the court. *Id.* (citing *Huffines v. State,* 739 N.E.2d 1093, 1095 (Ind.Ct.App. 2000), *trans. denied*).

## I.

■ Hearsay is defined as "an out-of-court statement offered in court to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). Hearsay evidence is generally inadmissible pursuant to Ind. Evidence Rule 802. D.J.'s statements to Officer Wilson and his mother were hearsay because his statements were out-of-court statements offered to prove that Jones hit D.J. in the mouth with her fist. Ind. Evidence Rule 803 lists several exceptions to the hearsay rule. The first issue is whether the trial court abused its discretion by admitting D.J.'s statements to Officer Wilson under the excited utterance exception to the hearsay rule and to his mother under the present sense impression exception to the hearsay rule.

## A.

Jones contends that D.J.'s statements to Officer Wilson were inadmissible hearsay because the statements do not constitute excited utterances. In particular, Jones maintains that too much time had transpired between the alleged incident and the time that D.J. made his statements to Officer Wilson.

■ As an exception to the hearsay rule, Ind. Evidence Rule 803(2) provides that an excited utterance is admissible even if the declarant is available as a witness. In order for a hearsay statement to

be admitted as an excited utterance, three elements must be present:

> (1) a startling event has occurred; (2) a statement was made by a declarant while under the stress of excitement caused by the event; and (3) the statement relates to the event.

Ind. Evidence Rule 803(2). This is not a mechanical test; admissibility turns on whether the statement was inherently reliable because the witness was under the stress of the event and unlikely to make deliberate falsifications. *Jenkins v. State,* 725 N.E.2d 66, 68 (Ind.2000). The heart of the inquiry is whether the declarant was incapable of thoughtful reflection. *Marcum v. State,* 772 N.E.2d 998, 1001 (Ind.Ct. App.2002). Additionally, while a statement is generally less likely to be admitted as an excited utterance if it is made long after the startling event, the amount of time that has passed is not dispositive. *Gordon v. State,* 743 N.E.2d 376, 378 (Ind. Ct.App.2001); *see also* a case decided prior to the adoption of the Indiana Rules of Evidence, *Holmes v. State,* 480 N.E.2d 916, 918 (Ind.1985) (upholding trial court's determination that a statement was an excited utterance even though the time frame for the statement was not clear from the record).

The excited utterance exception to the hearsay rule was discussed in *Davenport v. State,* 749 N.E.2d 1144, 1149–1150 (Ind. 2001). There, five-year-old Jeremy Dew called 911 shortly after discovering his mother's dead body. *Id.* at 1149. Dew told the 911 operator that his mom "got beat up last night" and was dead. *Id.* When asked who beat his mother, the five-year-old boy responded that his father had done so. *Id.* Our supreme court found that this was not a situation where time passed and the witness had time to reflect. *Id.* As such, our supreme court concluded that the trial court did not abuse its discre-

tion in admitting the five-year-old boy's statements to the 911 operator under the excited utterance exception because Dew had experienced a startling event when he found his mother's body and then called 911 to report his finding. *Id.*

Moreover, in *Gordon v. State,* 743 N.E.2d 376, 378 (Ind.Ct.App.2001), this court held that a victim's statement made to a police officer after a battery constituted an excited utterance. In *Gordon,* a police officer was dispatched to an apartment complex where he found a woman who was shaking and had redness about her neck. *Id.* at 378. The woman told the officer that her boyfriend had struck her. *Id.* Because the woman did not testify at trial, Gordon argued that the police officer's testimony was inadmissible hearsay. *Id.* We examined the circumstances surrounding the statements made by the victim and held that it was reasonable to infer that the woman was upset because of a startling event and that the event was the physical altercation she described to the officer. *Id.*

■ Likewise, here, we find that D.J.'s statements to Officer Wilson satisfy the conditions for excited utterances. The record reflects that Officer Wilson responded immediately to Johnson's 911 call. Upon his arrival, Officer Wilson found that D.J. had sustained an injury to his lower lip. D.J. was upset and looked like he had been crying. D.J. told Officer Wilson that Jones hit him in the mouth with her fist because he would not go to bed. While the exact time of the battery could not be established, D.J.'s physical and psychological states suggest that he was not capable of thoughtful reflection and deliberation. *Davenport,* 749 N.E.2d at 1149. Moreover, it is reasonable to infer that when D.J. talked to Officer Wilson, he was still upset because of the stress of the startling event. The evidence further demonstrates

that the startling event that caused D.J. visible distress was the physical altercation with Jones that he described to Officer Wilson. *Gordon,* 743 N.E.2d at 378. Accordingly, the trial court did not abuse its discretion in admitting D.J.'s statements to Officer Wilson under the excited utterance exception to the hearsay rule. *See e.g., Jenkins,* 725 N.E.2d at 68. (holding that the determination of whether statements are excited utterances is within the trial court's discretion, and its ruling will be reversed only for an abuse of that discretion).

## B.

Jones also argues that D.J.'s statements to Johnson were inadmissible hearsay because the statements do not constitute present sense impressions. Ind. Evidence Rule 803(1) provides that a present sense impression statement is not excluded by the hearsay rule even if the declarant is available for cross-examination. Present sense impression is defined as: "[a] statement describing or explaining a material event, condition or transaction, made while the declarant was perceiving the event, condition or transaction, or immediately thereafter." Evid. R. 803(1).

■ Here, the record reveals that the event occurred sometime within the three hours that Mother left D.J. in the care of Jones. Therefore, it is clear the child was not describing the event as it occurred and was being experienced by the child. The evidence does not support the conclusion that the child made the statement immediately after the event. The statements to the mother did not qualify as present sense impressions. *See Jones,* 780 N.E.2d at 373. However, we will only reverse a trial court's hearsay ruling for an abuse of discretion, and we will affirm the ruling on any legal basis apparent in the record. *Robinson v. State* 730 N.E.2d 185,

193 (Ind.Ct.App.2000), *trans. denied* (citing *Ross v. State*, 676 N.E.2d 339, 345 (Ind.1996)).

In this case, D.J.'s statements to his mother were admissible under the excited utterance exception to the hearsay rule. As discussed above, the excited utterance exception focuses on whether the declarant was under stress caused by a startling event, which is thought to reduce the likelihood of deliberate falsification. *Jenkins*, 725 N.E.2d at 68; 13 Robert Lowell Miller, Jr., Indiana Practice § 803.102 (2d ed.1995). The time elapsed between the event and the statement may be greater than that tolerated by Evid. R. 803(1); the greater the stress caused by the startling event, the longer the effects of the stress may last. 13 Robert Lowell Miller, Jr., Indiana Practice § 803.102 (2d ed.1995). The evidence shows that D.J. told his mother what had happened as soon as she returned home. D.J. was crying and upset when Johnson arrived home, which suggests that he was not capable of thoughtful reflection and deliberation. D.J. also had fresh blood on his lower lip that visibly showed that D.J. was in distress from the physical altercation. When D.J. told his mother that Jones had hit him in the mouth with her fist, he was still under the stress of the excitement caused by the startling event. Because D.J. was still under the stress of the event, it is reasonable to infer that he was unlikely to make deliberate falsifications to his mother. As such, the trial court did not abuse its discretion in admitting D.J.'s statements to his mother under the excited utterance exception to the hearsay rule. *See e.g.*, *Robinson*, 730 N.E.2d 185, 193 (holding that a trial court's hearsay ruling will be affirmed on any legal basis apparent in the record).

## II.

Lastly, Jones argues that the trial court abused its discretion by admitting D.J.'s statements to Officer Wilson and to his mother in violation of Ind.Code § 35–37–4–6. However, the State argues, and we agree, that because Jones failed to lodge a timely objection at trial on this basis, this issue is waived.

As a general rule, the failure to object at trial results in a waiver of the issue on appeal. *Benson v. State*, 762 N.E.2d 748, 755 (Ind.2002). A contemporaneous objection affords the trial court the opportunity to make a final ruling on the matter in the context in which the evidence is introduced. *Jackson v. State*, 735 N.E.2d 1146, 1152 (Ind.2000). The fundamental error exception to this waiver rule is an extremely narrow one. *Mitchell v. State*, 726 N.E.2d 1228, 1236 (Ind.2000). To amount to fundamental error, the error must be a blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process. *Bostick v. State*, 773 N.E.2d 266, 271 (Ind.2002) (internal quotation and citation omitted); see *also Barany v. State*, 658 N.E.2d 60, 64 (Ind.1995) (defining fundamental error as error "so prejudicial to the rights of the defendant as to make a fair trial impossible").

The record indicates that Jones objected at trial to the admissions of D.J.'s statements to Officer Wilson and to his mother on the basis of inadmissible hearsay. Jones, however, did not object to D.J.'s statements on the basis that the statements violated Ind.Code § 35–37–4–6. As stated above, the fundamental error exception to the waiver rule is extremely narrow. Jones argues that her rights were prejudiced by the failure to follow Ind. Code § 35–37–4–6. However, Ind.Code § 35–37–4–6 applies when a child's state-

ments are not otherwise admissible in evidence. *See* Ind.Code § 35–37–4–6(c)(3). Here, the trial court admitted D.J.'s statements under the excited utterance exception to the hearsay rule. Because both of D.J.'s statements fit within the excited utterance exception to the hearsay rule, D.J.'s statements were properly admitted as evidence. Jones was not denied a fair trial.

For the foregoing reasons, we affirm Jones's conviction for battery as a class D felony.

Affirmed.

BROOK, C.J. and BAKER, J. concur.