Anthony DAVIS, Appellant–Plaintiff,

v.

Gregory GARRETT, Appellee–Defendant.

No. 49A02–0704–CV–304.

Court of Appeals of Indiana.

Jan. 17, 2008.

Publication Ordered Feb. 15, 2008.

Nathaniel Lee, Esq., Marcelino Lopez, Esq., Lee Cossell Kuehn & Love, LLP, Indianapolis, IN, Attorneys for Appellant.

Thomas Todd Reynolds, Christine M. Riesner, Breanne J. Strubinger, Threlkeld & Reynolds, LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-plaintiff Anthony Davis appeals the judgment entered in favor of appellee-defendant Gregory Garrett on his claim against Garrett for injuries that he sustained in a motor vehicle/pedestrian accident. Specifically, Davis argues that the trial court abused its discretion in admitting a portion of a police report into evidence and that the trial court erred in rejecting two of his proffered jury instructions. Davis also contends that he was deprived of a fair trial because of an alleged ex parte communication that occurred between Garrett's counsel and the trial judge. Finally, Davis claims that some of the comments that the trial judge made were unfairly prejudicial to him. Concluding that the police report was properly admitted into evidence and finding no other error, we affirm the judgment of the trial court.

## FACTS

On September 17, 2000, Davis was walking on the south side of 38th Street in Indianapolis after exiting a Metro Bus. Garrett was attempting to negotiate a left turn onto 38th Street near Audubon Street. As Davis proceeded to cross 38th Street, Garrett struck Davis with his vehicle. Davis was injured and treated by Dr. Craig Johnston.

As a result of the incident, Davis filed a complaint against Garrett seeking damages for his injuries. At some point, Garrett filed a motion to exclude portions of Dr. Johnston's videotaped deposition, which had been taken on February 28, 2007. Davis's counsel was provided with a copy of that motion.

On March 12, 2007—the day before the commencement of the jury trial—Garrett filed a motion requesting a ruling on his objections to Dr. Johnston's deposition testimony. In response, the trial court ruled on the objections and excluded various portions of Dr. Johnston's testimony from the jury.

At a jury trial that commenced on March 13, 2007, Paul Helms testified about his observations at the time of the accident. In particular, Helms testified that Davis was walking diagonally across 38th Street just prior to the impact. However, contrary to the police report, Helms did not testify on direct examination that he had told the police officer that Davis walked into Garrett's vehicle and fell down. As a result, Garrett's counsel impeached Helms on cross-examination by introducing this prior statement that he made to the police officer at the scene. Tr. p. 157. Specifically, Garrett's counsel offered the last page of the police report into evidence that contained the statement. Over Davis's hearsay objection, the trial court admitted the police report into evidence and allowed it to be published to the jury.

During Davis's closing argument, the trial judge commented that Davis's counsel was misstating the evidence regarding Garrett's obligation to stop his vehicle. The trial court then permitted Davis's counsel to explain further, and the trial court ultimately instructed the jury to disregard Davis's counsel's characterization of the evidence.

Thereafter, the parties submitted proposed instructions. The trial court denied

Davis's proposed instruction six, which provided that

At the time of the occurrence being considered in this case, Indiana Code § 9–21–8–23 provided as follows:

A person may not start a vehicle that is stopped, standing, or parked until the movement can be made with reasonable safety.

If you find from a preponderance of the evidence that any party violated this statute on the occasion in question and the violation was without excuse or justification, such conduct would constitute negligence to be assessed against that party.

Appellant's App. p. 55. The trial court also denied Davis's proffered instruction number nine, which stated:

At the time of the occurrence being considered in this case, Indiana Code § 9–21–8–32 provided as follows:

A person who drives a vehicle shall stop at an intersection where a stop sign is erected and shall proceed onto the highway cautiously.

If you find from a preponderance of the evidence that any party violated this statute on the occasion in question and the violation was without excuse or justification, such conduct would constitute negligence to be assessed against that party.

*Id.* at 58. The jury found in Garrett's favor, and Davis now appeals.

## DISCUSSION AND DECISION

### I. Police Report

■ Davis first contends that the trial court improperly admitted the police report into evidence. Specifically, Davis maintains that the report was not properly authenticated and that it constituted hearsay. Moreover, Davis contends that the police report did not fall under any of the exceptions to the hearsay rule.

In resolving this issue, we initially observe that a trial court has broad discretion in ruling on the admissibility of evidence, and we will reverse only when the trial court has abused its discretion. *Jones v. State*, 800 N.E.2d 624, 626–27 (Ind.Ct.App.2003). An abuse of discretion will only be found if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* at 627.

Although Davis contends on appeal that the police report should have been excluded because it was not properly authenticated, we note that Davis objected to the admission of the report at trial only on the grounds that the report constituted hearsay. As a result, Davis has waived this argument. *See Small v. State*, 736 N.E.2d 742, 747 (Ind.2000) (recognizing that a defendant may not raise one ground for objection at trial and argue a different ground on appeal).

■ In addressing Davis's claim that the police report should have been excluded on the grounds of hearsay, we note that hearsay has been defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). The exclusion of hearsay is meant to prevent the introduction of unreliable evidence that cannot be tested through cross examination. *Truax v. State*, 856 N.E.2d 116, 124 (Ind.Ct.App.2006). Finally, we note that hearsay statements are generally not admissible unless the statements fall within one of the several exceptions found in Indiana Evidence Rules 803 and 804.

■ In this case, Garrett contends that the police report was properly admit-

ted into evidence under the "present sense impression" exception to the hearsay rule. More specifically, Indiana Evidence Rule 803(1) excludes "statement[s] describing or explaining a material event, condition or transaction, made *while the declarant was perceiving the event, condition or transaction, or immediately thereafter.*" (Emphasis added). For a statement to be admitted under the present sense impression exception, the statement must describe or explain the event or condition "during or immediately after its occurrence, and the statement must be based on the declarant's perception of the event." *Truax v. State*, 856 N.E.2d 116, 126 (Ind. Ct.App.2006). In other words, assertions regarding events not contemporaneously perceived do not satisfy the exception. *Jones v. State*, 780 N.E.2d 373, 377 (Ind. 2002). Finally, we note that a present sense impression statement is not excluded by the hearsay rule even if the declarant is available for cross-examination. Evid. R. 803(1).

In this case, the evidence showed that Helms waited at the accident scene for the investigating officer. Tr. p. 155. Helms was not involved in the accident and was not acquainted with either of the parties involved. *Id.* at 141. Moreover, Helms was not describing the event as it occurred. As a result, the evidence does not support a conclusion that Helms made his statements immediately after the event.

■ We further note that it is undisputed that neither the investigating police officer who authored the accident report nor the officer who investigated the collision testified at trial. Additionally, there is no indication as to when the report may have been authored. Therefore, we reject Garrett's assertion that the statements in the police report qualified as present sense impressions. However, even though the statements in the police report may have constituted inadmissible hearsay, errors regarding the admission of evidence—including hearsay—are harmless unless they affect the substantial rights of a party. *Montgomery v. State*, 694 N.E.2d 1137, 1140 (Ind.1998). Moreover, reversible error cannot be predicated upon a trial court's erroneous admission of evidence that is merely cumulative of other evidence that has already been properly admitted. *Donaldson v. Indianapolis Pub. Transp. Corp.*, 632 N.E.2d 1167, 1172 (Ind.Ct.App. 1994).

In this case, Helms had already testified to precisely the same information that was contained in the police report before that document was admitted into evidence and published to the jury. In other words, the admission of the police report and the information contained therein was merely cumulative of Helms's testimony on cross examination. Thus, the admission of the police report was harmless error.

## II. Jury Instructions

■ Davis next claims that the trial court erred in refusing to give two of his proposed final instructions. Davis argues that he was prejudiced by the trial court's refusal to give those instructions because he was prevented from presenting his theory of the case to the jury. Moreover, Davis contends that the two tendered instructions were correct statements of the law and were supported by the evidence.

■ We initially observe that instructing the jury is within the trial court's discretion, and we review the refusal to give a tendered instruction for an abuse of discretion. *Springer v. State*, 798 N.E.2d 431, 433 (Ind.2003). Jury instructions are to be considered as a whole and in reference to each other, and an error in a particular instruction will not result in reversal unless the jury is misled as to the law in the case. *Stringer v. State*, 853

N.E.2d 543, 548 (Ind.Ct.App.2006). In other words, we will not reverse unless it is shown that the instructional error prejudiced the party's substantial rights. *Id.*

In determining whether the court improperly refused Davis's proposed instructions, we consider whether (1) the instructions correctly stated the law; (2) there is evidence in the record that supported the giving of the instructions; and (3) the substance of the tendered instructions were covered by other instructions that were given. *Springer,* 798 N.E.2d at 433.

With regard to Davis's proposed final instruction number six, which defines negligence and a motorist's duty to exercise reasonable care, we note that two of the trial court's final instructions that were given define negligence and reasonable care. Specifically, the trial court's final instruction sixteen provided that

> [n]egligence is the failure to do what a reasonably careful and prudent person would do under the same or similar circumstances or the doing of something that a reasonably careful and prudent person would not do under the same or similar circumstances. In other words, negligence is the failure to exercise reasonable or ordinary care.

Appellee's App. p. 10. The jury was also instructed that "reasonable or ordinary care is such care as a reasonably careful and ordinarily prudent person would exercise under the same or similar circumstances." *Id.* Because the substance of Davis's proposed instruction was covered by the above instructions, we conclude that the trial court properly refused to give Davis's proffered instruction number six.

As for Davis's proposed instruction nine, we first note that Davis set forth only a portion of Indiana Code section 9–21–8–32. This statute reads in its entirety

as follows: "A person who drives a vehicle shall stop at an intersection where a stop sign is erected at one (1) or more entrances to a through highway that are not part of the through highway and proceed cautiously, yielding to vehicles that are not required to stop." Even more compelling, the evidence did not show that Garrett had failed to stop prior to the collision. Indeed, Garrett testified that he stopped at the stop sign at 38th Street and Audubon Street. Tr. p. 24. Moreover, Davis testified that he noticed Garrett's stopped vehicle. *Id.* at 92. In light of this evidence, it is apparent that Davis's proposed instruction nine was not supported by the evidence. Thus, we conclude that the trial court properly refused to give this instruction.

### III. Fair Trial

Finally, Davis argues that he was deprived of a fair trial. Specifically, Davis maintains that Garrett's counsel engaged in ex parte communications with the trial judge on the evening before trial. Moreover, Davis asserts that the trial judge made inappropriate and prejudicial comments to his counsel during closing argument.

We initially observe that Davis has directed us to no evidence in support of his claim that an ex parte communication occurred. As noted above, Garrett filed a motion to exclude portions of Dr. Johnston's testimony, which was provided to Davis's counsel. Tr. p. 7. Garrett's counsel left a voicemail message for Davis's attorney on the morning before the date of trial, inquiring as to whether Davis was going to object to the motion. *Id.* at 14. Davis's counsel did not respond to the voicemail, and Garrett filed a request with the trial court on the evening before trial, requesting a ruling on his objections. Thereafter, the trial court granted the mo-

tion on its face, excluding a portion of Dr. Johnston's deposition testimony. *Id.*

In sum, there is simply no evidence that any communication occurred between Garrett's counsel and the trial judge prior to the ruling on the exclusion of Dr. Johnston's testimony. Garrett's counsel simply filed a written motion with the trial court and provided Davis's counsel with a copy of it. Indeed, on the day of trial, Davis's counsel acknowledged that "we never responded ... because we had a deposition last night." *Id.* at 7. As a result, Davis's claim fails, and we decline to set the verdict aside on this basis.

 Finally, Davis attempts to show that he was prejudiced in light of the comments that the trial court made during closing argument. We note that a trial judge "must be given latitude to run the courtroom and maintain discipline and control of the trial." *Stellwag v. State,* 854 N.E.2d 64, 66 (Ind.Ct.App.2006). Comments made by a trial judge are only found to be fundamental error on rare occasions. *Id.* Moreover, the proper procedure to preserve such an error for appeal is to object to the trial court's interruption, request an admonishment, and if necessary, move for a mistrial. *Id.*

We first note that Davis did not object to any of the comments that the trial judge made. Therefore, unless Davis can show that fundamental error occurred, the issue is waived. *See id.* When closing arguments commenced, the following exchanges occurred:

> *Closing Argument by Mr. Lee:* He takes a step and a car that should have had a stop sign or should have been required to stop pulls out and strikes him.
>
> *Objection, Mr. Reynolds:* Objection, your Honor, I'm sorry Mr. Lee, objection. There is no evidence that—

> *The Court:* There's no evidence of being required to stop where he pulled out.
>
> *Mr. Reynolds:* And I think the evidence is he was in fact was stopped. So I think it's completely improper argument.
>
> *The Court:* I believe that is exactly what the evidence is. Once again, Mr. Lee, you're misstating the evidence to the jury.

Tr. p. 204.

In light of this exchange, Davis argues that the trial judge interrupted Reynolds, thus precluding Reynolds from articulating a basis for the objection. However, as the exchange above demonstrates, Reynolds specifically objected to the improper argument and the trial court ruled on the objection. Moreover, the trial court permitted Davis's counsel to expand on his argument and preserve the issue for appeal:

> *Mr. Lee:* I'm saying that's a misstatement. There is a stop sign at 39th and Audubon. There's a stop sign right there. Even though this witness may not have said that but we established that with Mr. Helms. There's two stop signs at each one of these areas.
>
> *The Court:* Response.
>
> *Mr. Reynolds:* Your Honor, I think the evidence, I don't think there is evidence that Mr. Garrett did not stop and in fact was stopped for a minute or two before he attempted to make his turn on 38th Street. There is no evidence that he didn't stop where he was required to stop.
>
> . . .
>
> *The Court:* The ruling is that you misspoke the evidence and I instructed the jury to disregard your characterization of the evidence.

*Id.* at 204–06.

In our view, the trial court's comments to Davis's counsel were not inappropriate.

As pointed out above, Garrett and Davis *both* testified that the vehicle was stopped at the intersection of 38th Street and Audubon Street. Thus, the trial court correctly determined that Davis's counsel misstated the evidence. As a result, Davis's claim fails.

Finally, we note that the remaining comments that were made by the trial judge all resemble those set forth above. Indeed, the trial court ruled on the parties' objections and permitted counsel to make a record and preserve issues for appeal. In essence, Davis's arguments that he was denied a fair trial are based on nothing more than unsubstantiated assertions that lack any supporting evidence. Thus, Davis's claim fails.

The judgment of the trial court is affirmed.

BRADFORD, J., concurs.

DARDEN, J., dissents with *opinion*.

DARDEN, Judge, dissenting.

I respectfully dissent.

I wholly agree with the majority's conclusion that the police report was inadmissible hearsay. However, I cannot agree that the admission of the report was harmless error. My reading of Helms's testimony leads me to conclude that Helms's previous testimony did not include "precisely the same information that was contained in the police report." Op. at 947. Of particular concern to me is Helms's unequivocal testimony at least three times that he did not remember telling the officer that Davis "walked into" Garrett's vehicle. (Tr. 156, 157). Such testimony, in my opinion, falls short of being testimony by Helms that Davis "walked into & fell down beside" Garrett's vehicle, as stated in the report. (Ex. G). Further, I find that Helms's previous testimony also was not consistent with the report's statement that

the witness (Helms) had reported that after falling to the pavement, Davis "got up and quickly walked out of the street." *Id.* Hence, I do not find the report's contents to be "merely cumulative of Helms's testimony on cross examination." Op. at 947. I therefore conclude that it does affect the substantial rights of Garrett, and that its admission constituted reversible error. Accordingly, I would reverse.

## ORDER

On January 17, 2008, the Court handed down its opinion in this appeal marked Memorandum Decisions, Not for Publication. The Appellant, by counsel, has filed a Motion to Publish Not for Publication Memorandum Decision.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellant Motion to Publish is Granted and this court's opinion heretofore handed down in this cause on January 17, 2008, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

BAKER, C.J., DARDEN, BRADFORD, JJ., concur.