Fabian MORGAN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–1001–CR–43.

Court of Appeals of Indiana.

Oct. 13, 2010.

Elizabeth A. Gabig, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Karl M. Scharnberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Fabian Morgan appeals his conviction of Unlawful Possession of a Firearm by a Serious Violent Felon,[1] a class B felony, and the resulting sentence. Morgan presents the following restated issues for review:

1. Was the evidence sufficient to prove beyond a reasonable doubt that Morgan qualified as a serious violent felon?

2. Did the trial court commit fundamental error when it stated to the jury that defense attorney's characterization of certain evidence was "misleading" and "not the evidence?"

3. Is the fifteen-year sentence imposed inappropriate in light of Morgan's character and the nature of this offense?

We affirm.

The facts favorable to the conviction are that on April 28, 2009, Sarah Noblitt and a person identified as Shirley were feuding about rumors circulating about Shirley's brother, Jason. Shirley drove to Noblitt's house in a car carrying two passengers, Morgan and a male identified as "Little D." *Transcript* at 51. Shirley and Noblitt argued heatedly in front of Noblitt's house

---

1. Ind.Code Ann. § 35–47–4–5 (West, Westlaw through 2010 2nd Regular Sess.).

for ten to twenty minutes. The argument was loud enough to draw the attention of neighbors. At one point, Noblitt's father told her to go inside and asked Shirley to leave, but to no avail. Noblitt's father came outside a second time and pulled his daughter onto the porch in an effort to prevent a physical confrontation between Shirley and Noblitt. As he was doing so, three or four gunshots rang out. The parties on the porch momentarily ducked for cover. Several seconds later, Noblitt got up and saw Morgan holding his arm up in the air and holding a handgun. Noblitt called 911 to report the gunfire.

Officers Chris Marcum and Gregory Ressino responded to the call. After speaking with Noblitt, Officer Marcum directed Officer Ressino to go to a specific address to look for the shooter. The officer drove past the indicated address but saw no one there. He then turned down the alley behind the house in question and saw a car matching Noblitt's description of the one in which the shooter drove away. The car was pulling out of a parking spot behind the residence. As the car drove away, Officer Ressino activated his lights and sirens and stopped the car. Shirley was driving the car, Little D was sitting behind the driver in the back seat, Morgan was in the front passenger seat, and a child sat in the rear seat behind Morgan. Officer Ressino secured the two males in handcuffs and patted them down. He found no weapons, but walked to the parking spot from which he had first seen the car pulling away. He found a gun in a nearby flower bed. Tests later revealed it was the same gun that had been fired in front of Noblitt's house.

While this was occurring, Officer Scott Emminger arrived at the scene of the shooting to assist. He spoke with Kerry Page, a neighbor of Noblitt's. Page told Officer Emminger that he had seen the entire incident. Officer Emminger drove Page to the place where the suspects were being detained. Page identified Shirley, Little D, and Morgan as the people involved in the incident and specifically identified Morgan as the shooter.

Morgan was arrested and charged with possession of a firearm by a serious violent felon. He was convicted as charged following a jury trial and received a fifteen-year executed sentence.

### 1.

 Morgan contends the evidence was not sufficient to prove that he qualified as a serious violent felon. Our standard of review for challenges to the sufficiency of evidence is well settled.

> When considering a challenge to the sufficiency of evidence to support a conviction, we respect the fact-finder's exclusive province to weigh conflicting evidence and therefore neither reweigh the evidence nor judge witness credibility. *McHenry v. State,* 820 N.E.2d 124 (Ind. 2005). We consider only the probative evidence and reasonable inferences supporting the verdict, and "must affirm 'if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.'" *Id.* at 126 (quoting *Tobar v. State,* 740 N.E.2d 109, 111–12 (Ind.2000)).

*Gleaves v. State,* 859 N.E.2d 766, 769 (Ind. Ct.App.2007).

In order to convict Morgan of possession of a firearm by a serious violent felon, the State was required to prove, among other things, that Morgan had been convicted of an offense listed in Ind.Code Ann. § 35–47–4–5 (West, Westlaw through 2010 2nd Regular Sess.). As his only challenge to the sufficiency of the evidence, Morgan contends the State did not introduce any evidence to prove this element.

Just before trial was to commence, the trial court, the State, and defense counsel were discussing preliminary matters, including jury instructions. The following colloquy ensued:

> MR. MCGRATH [the prosecuting attorney]: I read the Court's preliminary instructions and included was a party stipulation that Mr. Morgan is a Serious Violent Felon.
>
> THE COURT: Uh huh.
>
> MR. MCGRATH: As far as my statements to the jury are concerned, is there any regulation on that as far as like openings and closings, Voir Dire, things like that?

*Transcript* at 10. At that point, the trial court explained to the State that it could mention Morgan's status as a serious violent felon, but could not do so in drum-beat fashion "where every sentence out of the argument starts with, "Mr. Jones, a Serious Violent Felony. Mr. Jones, a Serious Violent Felon." *Id.* at 11. At the conclusion of their colloquy, the following exchange ensued between the trial court and defense counsel:

> THE COURT: Okay. Do you have any [instructions] to tender then, Mr. Krupp [i.e., defense counsel]?
>
> MR. KRUPP: I do not, Judge.
>
> THE COURT: Okay. So Mr. McGrath, do you have any objections to the Court's proposed preliminaries?
>
> MR. MCGRATH: No, Your Honor.
>
> THE COURT: Mr. Krupp, do you?
>
> MR. KRUPP: I do not, Judge.
>
> THE COURT: Okay. That takes care of that part.
>
> MR. KRUPP: The only thing I want to add, Judge, just for the record in case something comes up later, is that the Defendant was prepared to tender the Motion in Limine with respect to that mentioning of the previous conviction

and the Court has taken care of that. So Defense did not file that motion.

*Id.* at 12–13. Thus, defense counsel did not object to any of the court's proposed preliminary instructions, which included the following:

### INSTRUCTION 4

The offense of unlawful possession of a firearm by a serious violent [sic] is defined by statute as follows:

A person who has been previously convicted of an offense listed in I.C. 35–47–4–5 who knowingly or intentionally possesses a firearm commits a class B felony.

To convict the defendant, the state must proved each of the following elements beyond a reasonable doubt:

The defendant:

1. Had been previously convicted of an offense listed in I.C. 35–47–4–5;

2. Knowingly or intentionally;

3. Possessed a firearm.

If the state failed to prove each of these elements beyond a reasonable doubt, you must find the defendant not guilty.

If the state proves each of the elements beyond a reasonable doubt, you should find the defendant guilty of unlawful possession of a firearm, a class B felony.

### INSTRUCTION 5

The parties have agreed and stipulated that the defendant has a conviction listed in I.C. § 35–47–4–5. No further proof will be introduced in this case. You are instructed that you are to consider such fact as true and proven beyond a reasonable doubt.

*Id.* at 69–70.

The element of I.C. § 35–47–4–5 in controversy is that Morgan had previously been convicted of a felony (and thus was a serious violent felon) at the time he possessed the firearm in the instant case.

From the comments reproduced above, it appears that the parties had stipulated to this element sometime before the commencement of trial. Yet, as Morgan points out, such a stipulation was not introduced at trial and is not included in the materials submitted in conjunction with this appeal. Thus, he contends, there was insufficient evidence to prove he was a serious violent felon.

In *Vest v. State*, 930 N.E.2d 1221 (Ind. Ct.App.2010), we held that the failure to object to a jury instruction results in a procedural default, or waiver, of the error contained in the instruction. In this case, Instruction 5 informed the jury that the parties had stipulated that Morgan qualified as a serious violent felon within the meaning of I.C. § 35–47–4–5. Morgan did not object to this instruction. Indeed, his counsel went further and stated that a motion in limine he intended to submit on this subject was no longer necessary because counsel was satisfied with the trial court's stated intention regarding the prior conviction under I.C. § 35–47–4–5. Under these circumstances, we conclude this issue was waived.

Moreover, we can find no authority for a proposition inherent in Morgan's argument, i.e., that a stipulation may not be placed before a jury via preliminary jury instructions. In fact, in *Hardister v. State*, 849 N.E.2d 563 (Ind.2006), our Supreme Court indicated that the opposite is true. In *Hardister*, the defendant was charged with possession of a firearm by a serious violent felon. He complained that the trial court erred in imparting to the jury the details of the prior offense under I.C. § 35–47–4–5 after the parties had stipulated to the qualifying prior felony conviction. The court read two instructions to the jury regarding the prior offense. The first instruction recounted the contents of the original charging information, which included the specific details of the prior offense. The second instruction—as here, a preliminary instruction—included language substantially similar to Instruction 5 in the instant case, i.e.,: "The parties have agreed and stipulated that [the defendant] has a [qualifying conviction]. No further proof will be introduced in this case. You are instructed that you are to consider such fact as true and proven beyond a reasonable doubt." *Hardister v. State*, 849 N.E.2d at 577. The Court held that the trial court erred in admitting "the full record" of the prior felony conviction in a case where the defendant admitted his status as a felon. *Id.*

The *Hardister* Court concluded, however, that the error was harmless because there was no evidence that the impermissible reference influenced the jury's decision. In so holding, the Court noted, "[t]here was no other reference to the prior felony during the trial." *Id.* Thus, as in the instant case, it appears that the preliminary instruction constituted the only evidence of the stipulation that was properly placed before the jury. We understand that the *Hardister* defendant did not challenge his conviction on the ground Morgan presents here, but we conclude that this aspect of *Hardister* provides persuasive authority for the proposition that a stipulation may be presented to the jury in the form of a preliminary instruction, where it may be challenged by a defendant who, at the least, preserves the issue for appellate review in so doing.

2.

Morgan contends the trial court committed fundamental error when it admonished the jury to disregard remarks made by defense counsel during final argument that purportedly summarized the evidence and that the court characterized as "misleading" and "not the evidence presented". *Appellant's Appendix* at 207.

Morgan presents this issue in the form of a challenge to a jury instruction. The comments in question, however, were not part of a jury instruction per se. Rather, they were part of an admonishment to the jury to disregard certain comments made by the defense counsel during closing argument, as reflected in the following:

[MR. BUNCH—defense counsel]: The State—I want to point out some inconsistencies in the State's case as well. We heard testimony about a guy named Mr. Smith who was standing on his front porch when all this happened. I think you recall that. Officer Marcum talked about Mr. Smith that got off the front porch and he went over to look at the people who they believed might be responsible for this shooting. And he couldn't make an ID. He said, "No. Those guys aren't the shooters." He's not here today, is he? I'll tell you why. He's not here because it's bad for the State. We don't hear from the guy who says, "Those guys aren't the shooters." We don't hear that.

MR. MCGRATH: Objection. That wasn't the evidence.

THE COURT: Yeah.

MR. BUNCH: "They are not the shooters."

THE COURT: Sir, there was no evidence mentioned at all that—

MR. BUNCH: Officer Marcum said that he could not identify the shooter.

THE COURT: Right. That's not the same as, "Those are not the shooters." You've been misleading the jury now. That was the third time you did it before he objected.

MR. BUNCH: I apologize.

THE COURT: Let me finish. Don't interrupt me. That doesn't help your case. The jury is instructed to disregard that argument. That was not the evidence presented. We all know it was

not the evidence presented. Just disregard it. Don't do it again.

*Transcript* at 206–08.

■ Morgan contends he was prejudiced by the trial court's comments. The proper procedure to preserve an error such as Morgan alleges here is to object to the trial court's comment, request an admonishment and, if necessary, move for a mistrial. *See Stellwag v. State*, 854 N.E.2d 64 (Ind.Ct.App.2006). In fact, Morgan did not object to any of the trial court's comments. Therefore, unless he can show that fundamental error occurred, the issue is waived. *See id.; see also Davis v. Garrett*, 887 N.E.2d 942 (Ind.Ct.App.2008), *trans. denied.* "Comments made by a trial judge are only found to be fundamental error on rare occasions." *Davis v. Garrett*, 887 N.E.2d at 948. "[F]undamental error is extremely narrow and available only when the record reveals a clearly blatant violation of basic and elementary principles, where the harm or potential for harm cannot be denied, and which violation is so prejudicial to the rights of the defendant as to make a fair trial impossible." *Jewell v. State*, 887 N.E.2d 939, 942 (Ind. 2008).

■ A trial court " 'must be given latitude to run the courtroom and maintain discipline and control of the trial.' " *Davis v. Garrett*, 887 N.E.2d at 949 (quoting *Stellwag v. State*, 854 N.E.2d at 66). In this case, defense counsel asserted multiple times during closing argument that Steve Smith, who witnessed the incident, stated that Morgan was not the shooter. This characterization was drawn from Officer Marcum's testimony, which was the only evidence on the subject offered at trial. According to Officer Marcum, after Officer Ressino stopped the suspects' vehicle and detained the suspects at a remote location, Officer Marcum drove Smith to

that location to identify the suspects. When Officer Marcum was asked whether Smith was able to identify the shooter, he responded, "No. He could not identify the shooter." *Transcript* at 110. Defense counsel's characterization of Smith's response at the show-up identification did, in fact, misstate the evidence. As the trial court pointed out, there is a significant difference between a witness's inability to identify a suspect as the perpetrator and that witness's affirmative representation that a suspect was *not* the perpetrator. The evidence showed that the former was the case, whereas defense counsel claimed during closing argument that it was the latter.

We conclude that the trial court's comments to Morgan's counsel were not inappropriate. As indicated above, the trial court correctly determined that Morgan's counsel misstated the evidence. As a result, the admonishment was appropriate, *see Davis v. Garrett*, 887 N.E.2d 942, and Morgan's claim of fundamental error fails. Therefore, the error is waived.

### 3.

■ Morgan contends the fifteen-year sentence imposed is inappropriate in light of his character and the nature of this offense. We have the constitutional authority to revise a sentence if, after considering the trial court's decision, we conclude the sentence is inappropriate in light of the nature of the offense and character of the offender. Ind. Appellate Rule 7(B); *Corbin v. State*, 840 N.E.2d 424 (Ind.Ct.App. 2006). "We recognize, however, the special expertise of the trial courts in making sentencing decisions; thus, we exercise with great restraint our responsibility to review and revise sentences." *Scott v. State*, 840 N.E.2d 376, 381 (Ind.Ct.App. 2006), *trans. denied.* Morgan bears the burden on appeal of persuading us that his

sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073 (Ind.2006).

With respect to the nature of the offense, the facts set out previously in this opinion reveal that Morgan intentionally armed himself with a loaded firearm and carried it to the scene of what he knew was going to be an angry confrontation between two other people. In so doing, he significantly escalated the potential for a violent and tragic result. Moreover, he discharged the weapon in a residential neighborhood when he was under no threat of force or danger and at the same time that Noblitt's father was in the process of breaking up the argument by withdrawing his daughter from scene of the conflict. Morgan's actions needlessly and gratuitously escalated the danger posed to the principals as well as everyone present in the area at the time.

Turning to Morgan's character, although only twenty-two years old at the time he committed this offense, Morgan already had by then many contacts with the criminal justice system. His first involvement came when he was thirteen years old. There were at least five true findings of juvenile delinquency entered against him, while several times as many allegations of delinquency were dismissed or the file closed for unknown reasons. He was convicted of robbery as a class B felony in 2006 and was on parole from that offense when he committed the instant offense. The presentence investigation report reveals that Morgan has not been employed since 2005, did not graduate from high school or obtain a GED, and has fathered a child. Also, Morgan received numerous incident reports while he was incarcerated for the robbery offense. This history reveals a troubling inability to abide by the laws of society and the rules of the institutions in which he has been confined. The pattern does not appear to be changing for

the better. In view of his character and the aggravating nature of his offense, the sentence imposed by the trial court is not inappropriate.

Judgment affirmed.

BARNES, J., and CRONE, J., concur.