## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 29 2016, 8:36 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbra A. Stooksbury
LaPorte, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Larry A. Conn,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

December 29, 2016

Court of Appeals Case No.
46A03-1604-CR-1007

Appeal from the LaPorte Circuit Court

The Honorable Thomas J. Alevizos, Judge

Trial Court Cause No.
46C01-1508-F5-712

**Baker, Judge.**

[1] Larry Conn appeals his convictions for Operating a Vehicle After a Lifetime Suspension,[1] a Level 5 Felony; and False Informing,[2] a Class B Misdemeanor. He argues that one of his statements should not have been admitted into evidence, that there is insufficient evidence supporting his convictions, and that his sentence is inappropriate in light of the nature of the offenses and his character. Finding no error and that the sentence is not inappropriate, we affirm.

## Facts

[2] On August 7, 2015, around noon, Police Officer Aaron Stobaugh was driving in a southbound lane in LaPorte County when he noticed that a driver heading north, later identified as Conn, was not wearing a seatbelt. Officer Stobaugh turned his car around, caught up to Conn, and pulled him over.

[3] When asked for his license, Conn said that he had lost it. He identified himself as "Daryl Conn," and said that he was born in 1956. When asked his date of birth, he could not remember. Eventually, he revealed that he was Larry Conn and gave the correct date of birth. He explained to the officer that he had lied because his license was suspended. The officer returned to his car to check Conn's records; the database revealed that Conn's license was suspended and that Conn was a habitual traffic violator with a lifetime suspension. When the

---

[1] Ind. Code § 9-30-10-17(a)(1).

[2] Ind. Code § 35-44.1-2-3(d)(1).

officer walked back to Conn's car, Conn confirmed that his license had been suspended because he was a habitual traffic violator.

[4] The officer ordered Conn out of his car. As Conn exited, the officer noticed the smell of alcohol. Conn was swaying as he walked and slurring his speech, and his eyes were red. The officer asked Conn to perform a field sobriety test but Conn refused, explaining "that he didn't want to perform the test because he thought that his drinking the night prior would cause him to fail the test on that particular date and time." Tr. p. 153. Another officer arrived, and a search of the car and the area around it revealed a water bottle filled with a cold liquid that smelled like alcohol that had been thrown out the window, along with a mason jar filled with ice cubes and a clear liquid that smelled like alcohol under one of the seats.

[5] On August 11, 2015, the State charged Conn with operating a vehicle after a lifetime suspension, a Level 5 felony; giving a false identity statement, a Class A misdemeanor; and operating a vehicle while intoxicated, a Class C misdemeanor. The State later amended the second charge to be false informing, a Class B misdemeanor.

[6] At his February 29 and March 1, 2016, trial, Conn testified in his defense. He testified that his mother, who suffers from Alzheimer's disease and dementia, called him on the morning of August 7 and told him that she could see her late husband standing outside her house. He sought to prove that he feared for his

mother's safety and only decided to drive that day because it was an emergency.

[7] The jury found Conn guilty of operating a vehicle after a lifetime suspension and false informing, but not guilty of operating a vehicle while intoxicated. Following a March 31, 2016, sentencing hearing, the trial court sentenced Conn to three years for operating a vehicle after a lifetime suspension and ninety days for false informing, with those sentences running concurrently. Conn now appeals.

## Discussion and Decision

[8] Conn has three arguments on appeal. He argues the following: (1) that the trial court erred by admitting his statement to the police that he was a habitual traffic offender; (2) that there was insufficient evidence supporting his convictions; and (3) that Conn's sentence is inappropriate in light of the nature of the offense and his character.

## I. Conn's Statement to Police

[9] Conn argues that the trial court should not have permitted the police officer to testify about Conn's admission that he was a habitual traffic offender. He believes that this testimony violates Indiana Rule of Evidence 403, which provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence."

[10] Generally, admission of evidence is a matter of discretion for the trial court. *Pribie v. State*, 46 N.E.3d 1241, 1246 (Ind. Ct. App. 2015). Such decisions will be reversed only when admission is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights. *Id.* Moreover, reversible error cannot be predicated upon a trial court's erroneous admission of evidence that is merely cumulative of other evidence that has already been properly admitted. *Davis v. Garrett*, 887 N.E.2d 942, 947 (Ind. Ct. App. 2008).

[11] We cannot agree that Conn's statement was unfairly prejudicial. His statement to the officer that his license was suspended because he was a habitual traffic offender is not the type of information that might inflame the passions of the jury or cause it to judge him on inappropriate standards. Indeed, whether he was driving with a suspended license was one of the central issues of his trial. Moreover, his admission was merely cumulative of the evidence that he was a habitual traffic offender, evidence that included a certified driving record with the words "habitual traffic violator—life." State's Ex. 1. The trial court did not err by allowing the officer's testimony.

## II. Sufficiency of the Evidence

[12] Conn argues that there is insufficient evidence to support his convictions. When reviewing the sufficiency of the evidence supporting a conviction, we will neither reweigh the evidence nor assess witness credibility. *Harbert v. State*, 51 N.E.3d 267, 275 (Ind. Ct. App. 2016). We will consider only the evidence

supporting the judgment and any reasonable inferences that may be drawn therefrom, and we will affirm if a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

[13] The State was required to prove beyond a reasonable doubt that Conn "operate[d] a motor vehicle after [his] driving privileges [were] forfeited for life . . . ." I.C. § 9-30-10-17. The State presented evidence of both at trial, and Conn does not seem to argue otherwise.

[14] Rather, he points to Indiana Code section 9-30-10-18(a), which provides that "it is a defense that the operation of a motor vehicle was necessary to save life or limb in an extreme emergency." He argues that "[a] reasonable person could determine that Larry drove the vehicle because he felt his Mother was in immediate danger, an extreme emergency." Appellant's Br. p. 23.

[15] Conn has the standard on review exactly backwards: the question is not whether a jury could have reasonably believed him; the question is whether a reasonable jury could have reasonably disbelieved him. His statutory defense places the burden of proof on the defendant to prove the existence of an extreme emergency. Ind. Code § 9-30-10-18(a). Because the jury was free to wholly disregard his credibility, *Knox v. State*, 13 N.E.3d 899, 902 (Ind. Ct. App. 2014), we cannot say that no reasonable jury could have disbelieved his self-serving assertions. There is sufficient evidence supporting his driving with a suspended license conviction.

[16] Conn also argues that there is insufficient evidence to support his conviction for false informing. The State was required to prove beyond a reasonable doubt that Conn gave "a false report . . . in the official investigation of the commission of a crime, knowing the report to be false." I.C. § 35-44.1-2-3. Because the officer testified that Conn gave the wrong name and birthday during the course of the investigation, tr. p. 147, there is sufficient evidence that Conn committed this crime.

## III. Appropriateness of the Sentence

[17] Finally, Conn argues that his sentence is inappropriate in light of the nature of the offense and his character.[3] Indiana Appellate Rule 7(B) provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The principal role of such review is to attempt to leaven the outliers, but not to achieve a perceived "correct" sentence. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference. *Id.* at 1222.

---

[3] Conn also purports to argue that the trial court abused its discretion in its sentencing, but does so by arguing that "the trial court abused its discretion by outweighing its aggravating factor from its mitigating factors while sentencing Larry." Appellant's Br. p. 20. However, because under our current statutory sentencing regime "a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors," *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007), this argument is not available on appeal.

The defendant bears the burden of showing us that his sentence is inappropriate. *Kennedy v. State*, 934 N.E.2d 779, 788 (Ind. Ct. App. 2010).

[18] Conn faced between one and six years for his driving after a lifetime suspension conviction, with the advisory sentence being three years. Ind. Code § 35-50-2-6(b). The trial court sentenced him to the advisory term for this conviction. He faced up to 180 days for his false informing conviction. Ind. Code § 35-50-3-3. The trial court sentenced him to ninety days.

[19] Turning to the nature of the offenses, Conn drove his vehicle after his license had been suspended for life. Although he claimed that he was responding to an emergency, the jury did not find this claim credible. Then, when pulled over by the police, Conn relayed the wrong name and birthdate in an attempt to avoid the consequences of his actions. No aspect of his offenses persuades us to revise his sentence.

[20] Turning to Conn's character, we find a man with sixteen criminal convictions, including multiple offenses relating to operating a vehicle while intoxicated and multiple offenses relating to driving with a suspended license. His actions in the present case are not outliers but repeat a persistent trend of behavior. In short, Conn's character does not persuade us to revise his sentence. We find that Conn's sentence is not inappropriate in light of the nature of the offenses and his character.

The judgment of the trial court is affirmed.

Mathias, J., and Pyle, J., concur.