# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 30 2018, 8:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James Walter Folks,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | August 30, 2018<br><br>Court of Appeals Case No.<br>20A03-1710-CR-2317<br><br>Appeal from the Elkhart Superior Court<br><br>The Honorable Teresa L. Cataldo, Judge<br><br>Trial Court Cause No.<br>20D03-1608-F4-29 |

**May, Judge.**

James Walter Folks appeals his conviction of Level 4 felony incest.[1]  Folks argues the trial court abused its discretion when it admitted two pieces of evidence that he claims were inadmissible hearsay:  a sexual assault examination report from the hospital and testimony of a school counselor.  We affirm.

## Facts and Procedural History

On March 15, 2017, M.F., who was fourteen, was in her room when her uncle, Folks, entered the room uninvited.  Folks instructed M.F. to remove her pants and underwear and lie on the bed.  Folks put a blanket over M.F.'s head and proceeded to have sexual intercourse with M.F.

Two days later at school, M.F. was crying on her way to class, so a friend took her to the school's guidance counselor, Jennifer Johnson.  M.F. told Johnson that Folks had touched her, and M.F. indicated on a doll that he had touched her between the legs.  M.F. was taken to the Child and Family Advocacy Center for a forensic interview.  During the interview, M.F. voluntarily disclosed what had happened to her.  Afterward, M.F.'s father took her to Elkhart General Hospital for a sexual assault examination conducted by Jamie Lance, a registered nurse.

---

[1] Ind. Code § 35-46-1-3(a) (2014) ( Incest occurs when a defendant, 18 years old or older, engages in sexual intercourse or other sexual conduct with a person less than 16 years old who is in one of the identified familial relations with the defendant.).

[4] The State charged Folks with Level 4 felony sexual misconduct with a minor[2] and Level 4 felony incest. At trial, Folks objected to the admission the sexual assault examination report, but the court overruled his objection under the medical report exception, Indiana Evidence Rule 803(4). A jury found Folks guilty on both counts, but the trial court entered a conviction of only incest due to concerns about double jeopardy.

# Discussion and Decision

[5] "A trial court has broad discretion in ruling on the admissibility of evidence and we will disturb its rulings only where it is shown that the court abused that discretion." *Turner v. State*, 953 N.E.2d 1039, 1045 (Ind. 2011). Both pieces of challenged evidence are alleged to be inadmissible hearsay. Hearsay is: "A statement that is not made by the declarant while testifying at the trial or hearing; and is offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c)(1)(2). Hearsay is inadmissible except as provided by law or other court rules. Evid. R. 802.

## Medical Report

[6] Folks first argues the trial court abused its discretion by allowing M.F.'s medical record into evidence because it was inadmissible hearsay. The State

---

[2] Ind. Code § 35-45-4-9 (2014).

argues we need not determine whether the admission of the medical records was erroneous as any possible error was harmless.

[7] An error in admitting evidence does not require reversal unless it affects the substantial rights of a party. *Stewart v. State*, 754 N.E.2d 492, 496 (Ind. 2001). "The improper admission of evidence is harmless error when the conviction is supported by such substantial independent evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction." *Barker v. State*, 695 N.E.2d 925, 931 (Ind. 1998), *reh'g denied*. The erroneous admission of evidence may also be harmless if that evidence is cumulative of other evidence admitted. *Donaldson v. Indianapolis Pub. Transp. Corp.*, 632 N.E.2d 1167, 1172 (Ind. Ct. App. 1994).

[8] At trial, Folks did not object to the testimony of Lance, who was the nurse who treated M.F., and Lance testified to the same statements found in the medical report. (*Compare* Tr. Vol. II at 202 *with* State's Exhibit 7.) Thus, any possible error in the admission of the medical report was harmless, because the report was cumulative of Lance's testimony. *See, e.g., Davis v. Garrett*, 887 N.E.2d 942, 947 (Ind. Ct. App. 2008) (holding admission harmless because evidence was cumulative of other evidence admitted), *trans. denied*.

[9] However, had Folks objected to the testimony from Lance, the medical record still could have been admitted into evidence, because it is not excluded by our

hearsay rules. Indiana Evidence Rule 803(4) provides: "A statement that: (A) is made by a person seeking medical diagnosis or treatment; (B) is made for-- and is reasonably pertinent to--medical diagnosis or treatment; and (C) describes medical history; past or present symptoms, pain or sensations; their inception; or their general cause" is not excluded by the hearsay rule.

[10] For a report to be admissible under that exception, the declarant's self-interest in obtaining effective medical treatment must be considered. The court must determine: "1) is the declarant motivated to provide truthful information in order to promote diagnosis and treatment; and 2) is the content of the statement such that an expert in the field would reasonably rely on it in rendering diagnosis or treatment." *McClain v. State*, 675 N.E.2d 329, 331 (Ind. 1996). Statements made by victims of sexual assault "satisfy the second prong of the analysis because they assist medical providers in recommending potential treatment for sexually transmitted disease, pregnancy testing, psychological counseling, and discharge instructions." *VanPatten v. State*, 986 N.E.2d 255, 260 (Ind. 2013).

[11] The first prong regarding the declarant's motivation can generally be inferred from the fact a victim sought medical treatment. *Id*. at 260-61. However, when children are brought to a medical provider by their parents, an "inference [of the declarant's motivation] may be less than obvious" as the child may not understand the purpose of the examiner or the relationship between "truthful responses and accurate medical treatment." *Id*. Thus, in these situations,

evidence must be presented to show the child understood the medical professional's role and the importance of being truthful. *Id.* Such evidence may be presented "in the form of foundational testimony from the medical professional detailing the interaction between [her] and the declarant, how [she] explained [her] role to the declarant, and an affirmation that the declarant understood that role." *Id.* at 261.

[12] Lance testified about the examination that she and the doctor performed on M.F. Lance explained the medical questions she asked M.F. as part of the examination. Lance testified that M.F. was cooperative during the procedure. (Tr. Vol. II at 199-203.) M.F. also testified she was examined by a doctor and knew why they were doing the tests. (Tr. Vol. II at 84.) In *VanPatten*, the Court acknowledged a six-year-old child would not comprehend the situation the same way an adult does. *VanPatten*, 986 N.E.2d at 265. In contrast, M.F. was fourteen years old and an honor student. We have little doubt M.F. understood the purpose of the examination. Accordingly, the medical records are not inadmissible hearsay, as Folks contends. *See Perry v. State*, 956 N.E.2d 41, 49 (Ind. Ct. App. 2011) (medical record prepared by nurse during evaluation was admissible), reh'g denied.

## School Counselor

[13] Folks also challenges the testimony of Jennifer Johnson, the school counselor, who testified about her conversation with M.F. on March 17, 2017. Folks argues the testimony given by Johnson was inadmissible hearsay. Folks did

not object to this testimony at trial and therefore waived any error in its admission. *See Geiger v. State*, 721 N.E.2d 891, 895 (Ind. Ct. App. 1999) (failure to specifically object results in waiver of that issue for appeal).

[14] Waiver notwithstanding, the admission of Johnson's testimony was harmless. Johnson testified M.F. reported her uncle touched her and M.F. pointed on a doll to explain where he touched her. Johnson's testimony is cumulative of, and less detailed than, the medical report and the testimony of Lance. Because the testimony given by Johnson was the same information found in the medical report and testified to by Lance, the admission of it was harmless. *See Wickizer v. State*, 626 N.E.2d 795, 800 (Ind. 1993) (admission of improper evidence is harmless when other substantial independent evidence shows guilt).

# Conclusion

[15] Testimony from Lance, the nurse who conducted the sexual assault examination, was cumulative of the medical report and, therefore, admission of the report was harmless error. Nevertheless, the report would have been admitted because it met the criteria for being admissible despite being hearsay, according to Indiana Rule of Evidence 803(4). Folks' argument regarding Johnson's testimony is waived because Folks did not object at trial. Waiver notwithstanding, the admission was harmless as Johnson's testimony was cumulative of, and less detailed than, Lance's testimony. We accordingly affirm Folks' conviction of Level 4 felony incest.

Affirmed.

Riley, J., and Mathias, J., concur.