Charles ROCHE, Jr., Appellant–
Defendant,

v.

STATE of Indiana, Appellee.

No. 46A03–9511–CR–384.

Court of Appeals of Indiana.

Sept. 22, 1998.

---

Rhonda Long–Sharp, Hammerle Foster Allen & Long–Sharp, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Charles Roche, Jr. (Roche), ap-

peals his conviction for Attempted Murder,[1] a Class A Felony.

Although Roche presents several issues for our review, we find one issue dispositive. Specifically, we conclude that Roche was prejudiced by the erroneous admission of evidence of prior crimes, wrongs or acts in violation of Ind. Evidence Rule 404(b).

During the early morning hours of October 17, 1994, four death-row inmates, including Roche, attempted to escape from the Indiana State Prison located in LaPorte County. During the attempted escape, Roche aimed and fired three shots from a .22 caliber homemade firearm at Correctional Officer Robert Garth, who was guarding the prison grounds from a fifty-foot tower. After Officer Garth radioed for help, the four prisoners were apprehended. On January 26, 1995, Roche was charged with the attempted murder of Officer Garth and brought to trial on April 17, 1995.

During trial, while proceeding pro se, Roche contended that although he fired the shots at Officer Garth, he did not intend to kill him. To refute Roche's contention, the State called the supervisor of classification for the Indiana State Prison, William Hartley, who testified that Roche had accumulated several prison violations since his commitment in 1990. Roche's prison conduct summary card, which contained a list of twenty-one violations, including two alleged incidents of attempted homicide and several violations for possession of a deadly weapon, was then submitted into evidence over Roche's objection. Bernard Johnson, Unit Manager at the prison, also testified for the State regarding an altercation he had with Roche in 1993, in which Roche threw hot shaving lotion at him. Roche was found guilty as charged and was sentenced to forty-five years of imprisonment.

Standby counsel, on behalf of Roche, filed a motion to correct error, claiming that the trial court erred by admitting evidence of the prior acts. After taking the motion under advisement, the court denied the motion.

Roche argues that the trial court erred by admitting into evidence his prison conduct summary card and Johnson's testimony regarding his altercation with Roche. Specifically, Roche claims that this evidence should have been excluded as prior crimes, wrongs or acts under Evid. R. 404(b) because the evidence revealed only that, by shooting at Officer Garth, he was acting in conformity with his prior acts.

■ Evid. R. 404(b) governs the admissibility of prior crimes, wrongs or acts. According to the rule, evidence of other "crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Although the rule does permit the admission of prior acts for the limited purpose of proving intent, the exception is narrowly construed. *Wickizer v. State* (1993) Ind., 626 N.E.2d 795, 799. Thus, the State may offer evidence of a defendant's prior acts only if the defendant goes beyond denying the charged culpability and affirmatively presents a claim of a particular contrary intent in opening statement, by cross-examination of the State's witnesses or through his case-in-chief. *Id.;* Moore v. State *(1995) Ind.App., 653 N.E.2d 1010, 1017,* trans. denied.

Here, the record reveals that after the State presented its case-in-chief, Roche made his opening statement, during which he stated that "none of us involved in this escape intended to kill a guard in a [sic] Tower 10." Record at 1107. Roche then stated that, although he "fired the shots" his "purpose in firing was to gain a second to get across the yard." Record at 1107–08. Roche then concluded that he would not have considered taking a life unless he had been provoked and that if "killing had been on [his] mind" he would have been on trial for murder. Record at 1108. Thus, as the State contends, Roche did more than deny that he intended to kill Officer Garth. Rather, he based his defense upon the fact that his intent was to gain time to effect the escape, not to kill the guard. His intent was, therefore, clearly at issue.

■ However, in order for the evidence of the prior acts to be admissible, it must also be "genuinely relevant to prove the de-

---

**1.** I.C. § 35–42–1–1 (Burns Code Ed. Supp.1998); I.C. § 35–41–5–1 (Burns Code Ed. Repl.1994).

fendant's intent *at the time of the charged offense.*" *Wickizer,* 626 N.E.2d at 799 (emphasis supplied); *see also Fisher v. State* (1994) Ind.App., 641 N.E.2d 105, 108; *Christian–Hornaday v. State* (1995) Ind.App., 649 N.E.2d 669, 672.[2] Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Ind. Evidence Rule 401.

In the instant case, Roche was charged with attempted murder. Therefore, the intent which the State was required to prove was Roche's specific intent to kill Officer Garth at the time he aimed and fired the gun at him. *See Jones v. State* (1997) Ind., 689 N.E.2d 722, 724–25 (in order to convict defendant of attempted murder, State must prove that defendant, with specific intent to kill, engaged in conduct which was a substantial step toward killing the victim). Thus, in order for the evidence to be genuinely relevant to prove the defendant's intent at the time of the charged offense, the evidence of the prior acts must make it more probable than not that Roche formed the specific intent to kill.

■ As stated above, the record reveals that during trial Hartley testified that Roche had committed twenty-one acts of misconduct while incarcerated at the Indiana State Prison. However, other than deciphering some of the violations which had been abbreviated on the card, Hartley did not explain the circumstances surrounding or the details involved in any of the violations. Therefore, the jury received no information concerning any of the past violations. Without having specific details about any of the twenty-one prison violations, we fail to see how a jury might reasonably have used this evidence to determine whether it was more probable than not that Roche specifically intended to kill Officer Garth. At most, the evidence shows only that Roche was a prisoner who had committed misconduct in the past with

an implication that he would do so again in order to effectuate his escape from prison. However, this is precisely the type evidence which Evid. R. 404(b) specifically prohibits. *See Bolin v. State* (1994) Ind.App., 634 N.E.2d 546, 548 (if evidence of defendant's uncharged misconduct is offered only to produce the forbidden inference that defendant acted in conformity with prior bad action, the evidence is inadmissible). Thus, the evidence of prior acts contained in the prison conduct card was not "genuinely relevant" to prove Roche's specific intent to kill.

■ We similarly conclude that Johnson's testimony regarding his prior altercation with Roche was not "genuinely relevant" to Roche's intent to kill. During trial, Johnson testified that some time during 1993 Roche, while detained in his cell, asked to speak with him. As Johnson approached the cell, Roche threw hot shaving lotion at him. Thus, unlike the prison card, the State did present the details surrounding this incident. However, we fail to see how this incident, which involved a different victim and offense, makes it more probable that Roche specifically intended to kill Officer Garth during the early morning of the attempted escape. Therefore, this evidence was not "genuinely relevant" to prove Roche's intent for the charged offense.

■ Nevertheless, the State argues that the evidence of the prior acts was necessary to refute Roche's claim that he was forced to escape from the prison because he and other deathrow inmates were maltreated by the prison staff. During trial, Roche presented evidence of the maltreatment of death-row prisoners to show why they intended to escape. According to the State, by setting forth this evidence, Roche was both attempting to show that his intent was merely to escape, not to kill, and implying that he was not violent and, therefore, could not have specifically intended to kill Officer Garth. We disagree.

---

2. Once the trial court determines that the prior acts are genuinely relevant to prove the defendant's intent at the time of the charged offense, the court must also determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

*Hicks v. State* (1997) Ind., 690 N.E.2d 215, 221. However, because we conclude that the evidence is not genuinely relevant to prove Roche's intent to kill, we need not make the latter determination.

Roche's reason for wanting to escape had no relationship regarding his intent to kill. It is undisputed that Roche intended to escape. However, Roche's reason for wanting to escape does not shed any light on whether he would have used force or violence to effectuate that escape; it only shows why he attempted to escape. Thus, we cannot agree that, by arguing that he merely intended to escape, Roche was necessarily arguing that he did not intend to kill. Further, we cannot agree that by presenting this evidence, Roche was implying that he was not violent or did not have a violent intent. As stated above, Roche's reasons for wanting to escape did not show how he would have effectuated that escape. It is reasonable to conclude that both nonviolent and violent prisoners might attempt to escape from substandard prison conditions. Therefore, the trial court abused its discretion by admitting evidence of Roche's prior acts.

 Having concluded that the trial court erroneously admitted the prior conduct evidence, we must still determine whether reversal of Roche's conviction is required and whether, without regard to the erroneously admitted evidence, the remaining evidence would support a conviction. Error in the admission of certain evidence will not result in reversal unless the failure to grant a new trial is inconsistent with substantial justice. Ind. Trial Rule 61. The improper admission of evidence is harmless error if the conviction is supported by independent evidence of guilt which satisfies this court that there is no substantial likelihood that the questioned evidence contributed to the conviction. *Sundling v. State* (1997) Ind.App., 679 N.E.2d 988, 994, *reh'g denied.* However, reversal is required if the record reveals that the improper evidence was likely to have had a prejudicial impact on the average juror such that it contributed to the verdict. *Id.* This court may determine that improperly admitted evidence did not have a significant impact on the verdict when there is overwhelming evidence of guilt. *Shanks v. State* (1994) Ind.App., 640 N.E.2d 734, 736.

 Initially, we note that Roche's intent to kill was seriously contested at trial. While the State contended that Roche intended to kill Officer Garth by aiming and firing the homemade firearm at him during the attempted escape, Roche claimed that he fired the shots only to occupy the guard's attention so as to permit the prisoners to cross the yard. In order to prove Roche's intent, the State presented the testimony of several prison guards who stated that they observed Roche aim and fire his gun at the guard tower. Additionally, firearm expert Dennis Trigg testified that it was possible that the bullet from Roche's homemade gun could strike an object at which it was aimed and cause serious injury. However, Trigg also testified that because the barrel was not fitted with lands and grooves, he "would not expect it to have any accuracy at any distance." Record at 1046. Further, the record reveals that the tower was at least fifty-feet high and that Roche was several feet away from the tower when he fired the gun. Finally, Roche presented evidence that he and another prisoner had discussed that the gun "wasn't very accurate" and was likely to only "scare somebody." Record at 1256. Therefore, although there was evidence upon which the jury could have based its decision that Roche intended to kill Officer Garth,[3] we cannot say that there was such overwhelming evidence of Roche's guilt as to demonstrate that the evidence of prior misconduct did not impact the verdict. Further, we cannot say that there is no substantial likelihood that the questioned evidence contributed to his conviction for attempted murder in light of the fact that Roche's prison conduct card included two incidents of attempted homicide and several incidents of possession of a deadly weapon. The admission of the prior acts

---

**3.** *See Rhinehardt v. State* (1985) Ind., 477 N.E.2d 89 (evidence was sufficient to support conviction for attempted murder where defendant pointed loaded gun in direction of victim, despite the fact that handgun was not particularly accurate weapon and that defendant claimed he fired weapon only to frighten victim). Because we conclude that there is sufficient evidence to support the jury's determination that Roche intended to kill Officer Garth, we reject Roche's claim that his conviction was not supported by sufficient evidence. Therefore, Roche may be subjected to a new trial without violating the double jeopardy clauses of the federal and state constitutions. *See Brown v. State* (1995) Ind.App., 659 N.E.2d 652, 657, *trans. denied.*

was not harmless error. As a result, Roche is entitled to a new trial.[4]

The judgment is reversed and the cause remanded for a new trial consistent with this opinion.

KIRSCH and BAKER, JJ., concur.

4. Although the giving of an instruction concerning the need for unanimity of the jurors' verdict does not contribute to the reversal of the conviction, we note that in referring to "a verdict of guilt or innocence," the instruction is certainly troublesome. *Kingery v. State* (1995) Ind., 659 N.E.2d 490, *reh'g denied*. Accordingly, we strongly suggest that such an instruction not be given.