**Noel UDARBE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A03–0010–CR–373.

Court of Appeals of Indiana.

May 8, 2001.

Marce Gonzalez, Jr., Merrillville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nandita G. Shepherd, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge

Noel Udarbe appeals his conviction of attempted criminal deviate conduct,[1] a Class B felony, contending that the trial court erred in admitting uncharged sexual misconduct evidence when his intent was not placed at issue. We agree and reverse and remand for a new trial.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the judgment show that in July 1996, Maria Baclao, a Philippino on a working visa, worked as a visiting nurse at Gentlepro Health Home Services. Udarbe was Baclao's supervisor. Udarbe first sexually assaulted Baclao at work sometime between March and April 1998. At the time of the assault, Udarbe grabbed Baclao while she was working in the supply room and pinned her against a metal rack and caressed her buttocks and kissed her neck and face. Other similar sexual assaults followed. Baclao reported the incidents to Gentlepro's main office and to the police in October 1998. Udarbe

---

1. *See* IC 35–42–4–2; IC 35–41–5–1.

was later arrested, charged, and subsequently convicted.

At trial, over his objection, the State was permitted to introduce the testimony of Revlon Villacin, a former employee of Gentlepro, that she too had been sexually assaulted by Udarbe. Udarbe now appeals the trial court's admission of this evidence.

## DISCUSSION AND DECISION

Udarbe asserts that the trial court erred in admitting evidence of prior uncharged sexual misconduct at his trial. Specifically, Udarbe claims that the trial court erroneously determined pursuant to Indiana Evidence Rule 404(b) that intent was made an issue based upon his opening statement and trial testimony. He maintains that both in his opening statement and in his trial testimony he denied touching Baclao in a sexual manner. Udarbe contends that he completely denied that the charged acts occurred and accordingly claims that his intent was never placed at issue.

■ The evidentiary rulings of a trial court are afforded great deference and are reversed on appeal only upon a showing of an abuse of discretion. *Herrera v. State*, 710 N.E.2d 931, 935 (Ind.Ct.App.1999). Indiana Evidence Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Rule 404(b) "is designed to prevent the jury from making the 'forbidden inference' that prior wrongful conduct suggests present guilt." *Byers v. State*, 709 N.E.2d 1024, 1026–27 (Ind.1999).

■ The standard for assessing the admissibility of 404(b) evidence is: (1) the court must determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act; and (2) the court must balance the probative value of the evidence against its prejudicial effect pursuant to Ind. Evid. Rule 403. *Boone v. State*, 728 N.E.2d 135, 137–38 (Ind.2000); *Hicks v. State*, 690 N.E.2d 215, 221 (Ind.1997). The evidence is inadmissible when the State offers it only to produce the "forbidden inference" that the defendant has engaged in other, uncharged misconduct and the charged conduct was in conformity with the uncharged misconduct. *Crain v. State*, 736 N.E.2d 1223, 1235 (Ind.2000) (citing *Hicks*, 690 N.E.2d at 219.) The trial court has wide latitude in balancing the probative value of the evidence against the possible prejudice of its admission and its ruling will only be reviewed for an abuse of discretion. *Crain*, 736 N.E.2d at 1235.

■ The intent exception to Rule 404(b) is available when a defendant goes beyond merely denying the charged culpability and affirmatively presents a claim of contrary intent, whether in opening statement, cross-examination, or presentation of his own case-in-chief. *Wickizer v. State*, 626 N.E.2d 795, 799 (Ind.1993). In *Wickizer*, our supreme court explained:

"Mindful of the variety of judicial perspectives regarding the proper role of prior conduct evidence in the ascertainment of truth, we conclude that Indiana is best served by a narrow construction of the intent exception in Evid. R. 404(b). It does not authorize the general use of prior conduct evidence as proof of the general or specific intent element in criminal offenses. To allow the introduction of prior conduct evidence upon this basis would be to permit the intent exception to routinely overcome the rule's otherwise emphatic prohibition against the admissibility of other crimes,

wrongs, or acts to prove the character of a person in order to show action in conformity therewith. In this context, admission of prior bad acts would frequently produce the 'forbidden inference' cautioned against in *Hardin [v. State]*, 611 N.E.2d [123,] 129 [ (Ind. 1993) ].

The intent exception in Evid. R. 404(b) will be available when a defendant goes beyond merely denying the charged culpability and affirmatively presents a claim of particular contrary intent. When a defendant alleges in trial a particular contrary intent, whether in opening statement, by cross-examination of the State's witnesses, or by presentation of his own case-in-chief, the State may respond by offering evidence of prior crimes, wrongs, or acts to the extent genuinely relevant to prove the defendant's intent at the time of the charged offense. The trial court must then determine whether to admit or exclude such evidence depending upon whether 'its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.' Evid. R. 403."

*Id.* Applying this rule, the court reversed Wickizer's conviction for child molestation after determining that his pre-trial statement to the police that he was not a "devious character" did not constitute the "assertion of a particular contrary intent so as to permit the State to utilize the intent exception of Evid. R. 404(b) to present prior conduct testimony." *Id.* at 800.

In *Cook v. State*, 734 N.E.2d 563, 569 (Ind.2000), our supreme court also determined that the trial court erred in admitting into evidence in a murder trial the fact that defendant, apparently unprovoked, punched another person in the face a few hours before the murder. On appeal, the court rejected the State's theory that the evidence was admissible pursuant to Rule 404(b)'s intent exception: "Although couching its argument in terms of state of mind, it is apparent the State sought to introduce the evidence for the purpose of demonstrating that because Cook had acted violently in the recent past, he likely acted in conformity therewith and shot the victim in this case. This is the forbidden inference that 404(b) specifically prohibits." *Id.*

Additionally, in *Sundling v. State,* 679 N.E.2d 988, 993 (Ind.Ct.App.1997), we reversed defendant's three child molestation convictions finding that the trial court abused its discretion in admitting evidence of the defendant's prior uncharged molestations where "[q]uite simply, Sundling's defense was that the molestations never occurred." We further noted that none of the exceptions listed in Rule 404(b) were in genuine dispute and that the State did not claim that the uncharged sexual misconduct was admissible under any of these exceptions. *See also Sloan v. State,* 654 N.E.2d 797, 802 (Ind.Ct.App.1995), *trans. denied, abrogated on other grounds by Hicks v. State,* 690 N.E.2d 215 (Ind.1997) (noting that defendant's motive and intent were not placed at issue in child molestation case, and thus did not justify admitting defendant's prior bad acts).

Unlike other cases in which the defendant specifically advanced a claim of contrary intent, a review of the record reveals that Udarbe did not place his intent in issue. *See e.g., Boone,* 728 N.E.2d at 138 (State allowed to present evidence establishing that defendant's intent was to inflict fatal harm when defendant advanced defense of sudden heat); *Evans v. State,* 727 N.E.2d 1072, 1080 (Ind.2000) (in murder trial, evidence of uncharged misconduct evidence properly admitted where

"[d]efendant went beyond merely denying the charged culpability and affirmatively presented a claim of particular contrary intent self defense"); *Johnson v. State*, 722 N.E.2d 382, 384 (Ind.Ct.App.2000) (defendant placed intent at issue in rape case by alleging that victim had engaged in consensual sexual intercourse); *Roche v. State*, 699 N.E.2d 752, 754 (Ind.Ct.App. 1998) (defendant's intent placed at issue in case of attempted murder of a prison guard where defendant alleged his intent in shooting guard was not to kill the guard, but instead to gain time to effect a prison escape). In *Sundling*, 679 N.E.2d at 993, we wrote that:

> "[T]o introduce extraneous bad acts, the proponent of the evidence must articulate a rational and legitimate connection between the evidence and some matter actually at issue in the case. Where the proponent is unable to demonstrate such a connection, it is likely that none exists and the true purpose of the evidence was the forbidden one of proving the accused's bad character."

■ Here, throughout the trial, Udarbe denied the charged acts and did not present a claim of particular contrary intent. Udarbe maintained his innocence during the entire trial. Consequently, his intent was not at issue so as to justify the admission of prior uncharged acts under the intent exception to Rule 404(b).

The State contends that the evidence of prior misconduct with Villacin was not introduced as proof of intent, but instead to rebut the specific factual claims raised by Udarbe, namely that Baclao was a problem employee and that she was upset because Udarbe rejected her advances. In support of this contention, the State relies upon *Koo v. State*, 640 N.E.2d 95, 101–02 (Ind. Ct.App.1994), *trans. denied* (1995), in which a panel of this court held that prior bad act evidence may be admitted by the

State to rebut a specific factual claim raised by the defendant.

In *Koo*, during his rape trial, the defendant presented "substantial evidence" during opening statement, direct examination of witnesses, and cross-examination of the State's witnesses suggesting that the rape victim had hallucinated the sexual encounter due to her drug use. *Id.* at 101. To refute this specific factual claim, the State was allowed to introduce the testimony of two witnesses that defendant had previously raped them. In upholding the trial court's ruling we, in part, relied upon *U.S. v. Beltempo*, 675 F.2d 472 (2nd Cir.1982), *cert. denied*, 457 U.S. 1135, 102 S.Ct. 2963, 73 L.Ed.2d 1353 (1982), where the court admitted prior bad act evidence to rebut a factual claim by the defendant. The following was our interpretation of the case:

> "In that case, defendants were on trial for conspiring to import heroin into the United States from Italy. The prosecution admitted evidence that one of the defendants, Giuseppe Gallina, had deposited a check for $20,000 three years before the crime at issue was committed. On appeal, Gallina contended that this evidence tended to show the commission of a prior criminal act. The court upheld the admission of the evidence because it tended to rebut the defense's claim that Gallina was a poverty-stricken butcher who traveled to Italy occasionally for health reasons."

*Koo*, 640 N.E.2d at 101.

Here, not only did Udarbe not present substantial evidence to support a specific factual claim, but Villacin's testimony does not rebut the claims which the State alleges that Udarbe presented. The State claims that Udarbe placed in issue the specific factual claims that Baclao's job performance was poor and that she was upset that Udarbe had rejected her. Accordingly, the State maintains that it was

properly allowed to rebut these factual claims with evidence of Udarbe's prior sexual misconduct with Villacin. However, unlike the facts in *Koo* and *Beltempo,* the State's introduction of Villacin's testimony does not rebut Udarbe's claims that Baclao was a poor employee and angered by his rejection. To the contrary, Villacin was permitted to go beyond these allegations and testify in detail about previously being sexually assaulted by Udarbe. The prior sexual misconduct evidence does not rebut Udarbe's claims.

The State's true purpose in admitting the evidence was to prove the "forbidden inference" of demonstrating Udarbe's propensity to commit the charged act. Accordingly, we conclude that pursuant to the intent exception specifically enumerated in Rule 404(b) the admission of Villacin's testimony was an abuse of discretion.

Our analysis does not end with the finding of error in the admission of this evidence because we must also examine the prejudicial impact of such evidence. An error in the admission of evidence does not justify setting aside a conviction unless the erroneous admission appears inconsistent with substantial justice or affects the substantial rights of the parties. *Wickizer,* 626 N.E.2d at 800 (citing Ind. Trial Rule 61). Such error is harmless when substantial independent evidence of guilt supports the conviction such that the reviewing court is satisfied that the erroneous admission of evidence played no role in the conviction. *Sundling,* 679 N.E.2d at 994. However, reversal is mandated when the record reveals that the improperly admitted evidence likely had a prejudicial impact on the average juror such that it contributed to the verdict. *Id.* Here, we conclude that Villacin's testimony likely substantially swayed the jury so as to have contributed to the conviction. A review of the record establishes that the only evidence of Udarbe's guilt came from Baclao, the victim of the sexual assault. Substantial independent evidence of Udarbe's guilt was not presented by the State. Accordingly, the admission of the prior sexual misconduct was not harmless error.

The trial court abused its discretion in admitting evidence of the alleged prior sexual misconduct with Villacin.

Reversed and remanded for a new trial.

SHARPNACK, C.J., and MATTINGLY–MAY, J., concur.