**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 27 2012, 9:40 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID W. STONE, IV**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSHUA A. WILLEY-RUMBACK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A05-1111-CR-638 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Rudolph R. Pyle, III, Judge
Cause Nos. 48C01-0909-FB-490, 48C01-1105-FB-932

**July 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Joshua Willey-Rumback appeals his conviction of Class B felony robbery[1] and the revocation of his probation. He presents four issues for our review:

1.    Whether the trial court abused its discretion when it allowed the State to amend Willey-Rumback's charging information the day of his trial;

2.    Whether Willey-Rumback's trial counsel was ineffective;

3.    Whether the prosecutor's comments during closing statements deprived Willey-Rumback of a fair trial; and

4.    Whether the evidence was sufficient to support two of the probation revocations.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On May 16, 2011, Willey-Rumback and William "Tony" Wiley were scheduled to participate in a drug deal with Christopher McCoy. Brianna Clay, a friend of Willey-Rumback and Wiley, drove the men to McCoy's residence. McCoy approached the driver's side of the car, and then moved to the passenger-side window. While McCoy was at the passenger window, Willey-Rumback and Wiley beat him with a revolver and another unidentified object. McCoy fell to the ground, and one of men pointed a gun at him and demanded money. McCoy gave the men $753, and Clay, Willey-Rumback, and Wiley left the scene.

A few days later, a witness to the crime saw Willey-Rumback at a bar, identified him as one of the people who beat McCoy, and called 911. Police arrested Willey-Rumback, and

---

[1] Ind. Code § 35-42-5-1.

the State charged him with Class B felony robbery, alleging he took money from McCoy and caused him bodily injury. Based on that same allegation, the State also filed a petition to revoke the probation Willey-Rumback was serving for an earlier offense. [2]

The day before Willey-Rumback's trial, the State moved to amend the charging information to include the allegation that Willey-Rumback used a deadly weapon during the commission of the crime. Willey-Rumback objected, but the trial court allowed the amendment over his objection.

The jury found Willey-Rumback guilty as charged. The trial court determined Willey-Rumback's probation should be revoked and ordered him to serve the remainder of his six-year suspended sentence. In addition, the court imposed a fifteen-year sentence for the instant offense of Class B felony robbery and ordered it served consecutive to the remainder of the sentence for which probation was revoked.

## DISCUSSION AND DECISION

1.      Amendment of Charging Information

We review for an abuse of discretion a decision to allow the State to amend an information. *Ramon v. State*, 888 N.E.2d 244, 253 (Ind. Ct. App. 2008). Indiana Code § 35-34-1-5 governs amendments to charges, and states in relevant part:

> (a) An indictment or information which charges the commission of an offense may not be dismissed but may be amended on motion by the prosecuting attorney at any time because of any immaterial defect, including:
>         (1) any miswriting, misspelling, or grammatical error;
>         (2) any misjoinder of parties defendant or offenses charged;

---

[2] Willey-Rumback pled guilty to Class B felony burglary and Class D felony theft on December 21, 2009. He was sentenced to ten years imprisonment with four years executed and six years suspended to probation.

(3) the presence of any unnecessary repugnant allegation;

(4) the failure to negate any exception, excuse, or provision contained in the statute defining the offense;

(5) the use of alternative or disjunctive allegations as to the acts, means, intents, or results charged;

(6) any mistake in the name of the court or county in the title of the action, or the statutory provision alleged to have been violated;

(7) the failure to state the time or place at which the offense was committed where the time or place is not of the essence of the offense;

(8) the failure to state an amount of value or price of any matter where that value or price is not of the essence of the offense; or

(9) any other defect which does not prejudice the substantial rights of the defendant.

(b) The indictment or information may be amended in matters of substance and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant at any time:

(1) up to:

(A) thirty (30) days if the defendant is charged with a felony; or

(B) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;

before the omnibus date; or

(2) before the commencement of trial;

if the amendment does not prejudice the substantial rights of the defendant.

(c) Upon motion of the prosecuting attorney, the court may, at any time before, during, or after the trial, permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

Willey-Rumback's original charging information alleged:

On or about May 16, 2011 in Madison County, State of Indiana, Joshua McCabe Willey-Rumback did knowingly or intentionally take property from another person or in the presence of another person, to wit: Christopher D. McCoy by using or threatening the use of force or by putting any person in fear resulting in bodily injury to Christopher D. McCoy.

(App. at 28.)  On the day before trial, the State moved to amend Willey-Rumback's charging information to include the allegation he committed Class B felony robbery "resulting in bodily injury to Christopher D. McCoy and/or while armed with a deadly weapon." (*Id*. at

4

39.) The trial court granted the motion.

Willey-Rumback's rights were not substantially prejudiced by the last-minute amendment, as he was on notice of the allegation he used a deadly weapon in the commission of the crime. Willey-Rumback does not dispute he was provided with the probable cause affidavit, which included the allegation he used a deadly weapon. As Willey-Rumback could have reasonably anticipated the addition of the allegation that he used a deadly weapon, his defense was not prejudiced. *See Jones v. State*, 863 N.E.2d 333, 338-9 (Ind. Ct. App. 2007) (because Jones had knowledge of a second lab report indicating the substance he possessed was heroin and not cocaine as originally charged, Jones was not prejudiced by State's late amendment to the charges against him). Accordingly, the trial court did not abuse its discretion when it allowed the State to amend the charging information.

2.      Ineffective Assistance of Counsel

Willey-Rumback claims his counsel was ineffective because he did not object to (1) a statement made by Wiley, who received use immunity for his testimony and (2) Detective Copeland's testimony about Willey-Rumback's offer to give information about the crime in exchange for a promise of more lenient sentencing.

We review claims of ineffective assistance of counsel under the two-part test in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail, a claimant must show counsel's performance fell below an objective level of reasonableness based on prevailing professional norms, *Taylor v. State*, 882 N.E.2d 777, 781 (Ind. Ct. App. 2008), and that the deficient performance resulted in prejudice. *Id*.

5

"Prejudice occurs when the defendant demonstrates that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (quoting *Strickland*, 466 U.S. at 694). We need not consider whether counsel's performance fell below the objective standard if that performance would not have changed the outcome. *Strickland*, 466 U.S. at 687.

### a. Wiley's Testimony

To demonstrate ineffective assistance based on failure to object, a petitioner must demonstrate that the trial court would have sustained the objection. *Glotzbach v. State*, 783 N.E.2d 1221, 1224 (Ind. Ct. App. 2003). The petitioner must also establish prejudice from counsel's failure to properly object. *Timberlake v. State*, 690 N.E.2d 243, 259 (Ind. 1997), *reh'g denied*.

Willey-Rumback claims his trial counsel was ineffective because he did not object to a portion of Wiley's testimony:

| | |
|---|---|
| [State]: | Uh, Mr. Wiley, you are a co-defendant with uh this fellow [Willey-Rumback] right here, aren't you? |
| [Wiley]: | Yes, sir. |
| [State]: | You've both been charged with a certain robbery that's alleged to have occurred on the 16th day of May of 2011. Is that correct? |
| [Wiley]: | That is correct. |
| [State]: | Now, we've uh brought you over here today to testify and uh upon getting here you had expressed your rights under the Fifth Amendment to not testify. Is that correct, sir? |
| [Wiley]: | That's correct. |
| [State]: | And after you did that, the State of Indiana did a petition that essentially offered you, asked the Court to grant you what's been called use immunity. You understand that? |

| [Wiley]: | Yes, sir. |
|---|---|
| [State]: | And you understand, sir, that under use immunity it does not mean that you can not be prosecuted for this crime. In fact, you are being prosecuted for it and I'm not sure there's a trial date set but you understand that just simply means that anything you say here today, your statements, can't be used in your trial against you. You understand that? |
| [Wiley]: | Yes, sir. |
| [State]: | Okay. You understand that if you commit perjury, you can still be charged with perjury though based on this. You understand that? |
| [Wiley]: | Yes, sir. |

(Tr. at 103-4.) Willey-Rumback claims counsel should have objected to Wiley's admission that he was given use immunity for his testimony because it permitted an impermissible inference of Willey-Rumback's guilt based on his association with Wiley.

Indiana Evidence Rule 501(d) states, in relevant part:

Except with respect to a claim of the privilege against self-incrimination in a civil case:
(1) *Comment or inference not permitted.* The claim of a privilege, whether in the present proceeding, or upon a prior occasion, is not a proper subject of comment by judge or counsel. No inference may be drawn therefrom.
(2) *Claiming privilege without knowledge of jury.* In jury cases, proceedings shall be conducted, to the extent practicable, so as to facilitate the making of claims of privilege without the knowledge of the jury.

(italics in original). Wiley's testimony informed the jury he was given use immunity for his testimony because he asserted his Fifth Amendment privilege, and Willey-Rumback asserts the trial court judge would have sustained an objection to Wiley's statements based on Evid. R. 501(d).

We need not determine if the trial court judge would have sustained an objection

7

because Willey-Rumback has not demonstrated he was prejudiced by his counsel's failure to object. *See Timberlake*, 690 N.E.2d at 259. Three other witnesses – the victim, an eyewitness, and the driver of the car from which Willey-Rumback attacked the victim – testified Willey-Rumback participated in the crime. Therefore, Willey-Rumback has not demonstrated he was prejudiced by his counsel's failure to object to Wiley's testimony regarding his use immunity because other witnesses put Willey-Rumback at the scene of the crime. *See Udarbe v.State*, 749 N.E.2d 562, 567 (Ind. Ct. App. 2001) (admission of evidence harmless if there is other independent evidence of defendant's guilt).

> b.    Detective Copeland's Testimony

Willey-Rumback also asserts trial counsel should have objected to a portion of Detective Copeland's testimony regarding a conversation he had with Willey-Rumback:

| [Detective Copeland]: | He indicated that he had information that he wanted to give us; however, he wanted some guarantees or some promises that he would get no jail time. |
| [State]: | And so what did you do? |
| [Detective Copeland]: | We told him we weren't gonna [sic] make any promises. We didn't have to. |
| [State]: | So he wanted a deal. You wouldn't make him a deal. |
| [Detective Copeland]: | Yes. |
| [State]: | What'd you do then? |
| [Detective Copeland]: | Um, he refused to tell us what he wanted to tell us and we took him back to jail. |

(Tr. at 124-5.)

In *Gilliam v. State*, 650 N.E.2d 45, 49 (Ind. Ct. App. 1995), *reh'g denied*, *trans. denied*, a police detective testified regarding statements Gilliam made to him prior to trial in

8

which Gilliam admitted to committing the crime with which he was charged. Gilliam argued those statements were inadmissible pursuant to Ind. Code § 35-35-3-4 and Evid. R. 410, because they occurred during plea negotiations and were protected by privilege. We held Gilliam's statements to the detective were not protected by privilege because the detective did not have a role in negotiating a plea agreement. *Gilliam*, 650 N.E.2d at 49.

For communication regarding a plea agreement to be privileged pursuant to Ind. Code § 35-35-3-4 and Evid. R. 410, it "must have as its ultimate purpose the reduction of punishment or other favorable treatment from the State to the defendant." *Crandall v. State*, 490 N.E.2d 377, 380 (Ind. Ct. App. 1986), *reh'g denied*, *trans. denied*. Willey-Rumback does not argue Detective Copeland had authority to negotiate a plea agreement, and the detective's testimony was not inadmissible on that ground. As an objection would have been unsuccessful, Willey-Rumback has not demonstrated his trial counsel was ineffective for failing to object to Detective Copeland's testimony. *See Glotzbach*, 783 N.E.2d at 1224 (when claiming ineffective assistance based on failure to make an objection, a petitioner must demonstrate that the trial court would have sustained the objection).

### 3.      Prosecutorial Misconduct

Willey-Rumback claims the prosecutor engaged in misconduct during closing arguments. In reviewing a claim of prosecutorial misconduct, we must determine: (1) whether the prosecutor engaged in misconduct, and if so, (2) whether the misconduct had a probable persuasive effect on the jury. *Ritchie v. State*, 809 N.E.2d 258, 268 (Ind. 2004), *cert. denied*. When determining whether the defendant was placed in "grave peril" by a

9

prosecutor's alleged improper argument to the jury, we measure the probable persuasive effect of any misconduct on the jury's decision and whether there were repeated occurrences of misconduct, which would evidence a deliberate attempt to improperly prejudice the defendant. *Id.* at 269.

Failure to present object contemporaneous to the alleged misconduct precludes appellate review of the claim, *Booher v. State*, 773 N.E.2d 814, 817 (Ind. 2002), and Willey-Rumback offered no such objection. Such preclusion may be avoided if the alleged misconduct amounts to fundamental error. *Id.* To prevail on such a claim, the defendant must establish not only the grounds for prosecutorial misconduct but also the additional grounds for fundamental error. *Id.* at 818. To be fundamental error, the misconduct must have made a fair trial impossible or been a clearly blatant violation of basic and elementary principles of due process that presents an undeniable and substantial potential for harm. *Id.* at 817.

Willey-Rumback takes issue with two comments the prosecutor made during closing arguments. The first was this statement:

> Ladies and gentlemen, you were told earlier that you could convict on the uncorroborated testimony of a single eye witness, meaning if you, if we only brought in one person in here who told you what happened and you believe them [sic] beyond doubt, the law in this state say [sic] you can convict based on that. If you are firmly convinced by their [sic] testimony that this man is guilty, you can convict based on that. There are over fifty cases that tell you, you can do that ladies and gentlemen.

(Tr. at 188.) Willey-Rumback asserts that statement referred to items "outside the evidence," (Br. of Appellant at 14). However, that statement is more accurately described as an

10

explanation about the Indiana law regarding sufficiency of the evidence. Parties may discuss any law that is relevant to a fact in evidence during closing argument, including "any argument as to position or conclusions based on the attorney's analysis of the evidence." *Taylor v. State*, 457 N.E.2d 594, 599 (Ind. Ct. App. 1983). Thus the prosecutor's comment was not misconduct.

Willey-Rumback also claims the prosecutor committed misconduct when she "sought to belittle the defendant's argument on the effect of the defects in credibility of the state's witnesses," (Br. of Appellant at 15), by saying, "You're supposed to discount what this man said because defense wants you to say that they brought you some bad soup. Really? Don't let him sell you an ocean front property in Kansas, ladies and gentlemen. Because that's what he's trying to do." (Tr. at 195.)

A comment regarding the quality of the opposing party's argument is permissible during closing arguments. *See Donnegan v. State*, 809 N.E.2d 966, 974 (Ind. Ct. App. 2004) (prosecutor's comment regarding quality of defense was permissible), *trans. denied*. The prosecutor did not commit misconduct, and Willey-Rumback has not demonstrated he was denied a fair trial.

4.      Probation Revocation

Probation revocation proceedings are civil in nature, and the State must prove by a preponderance of the evidence a violation of the conditions of probation. Ind. Code § 35-38-2-3(e). The decision to revoke probation is reviewed for an abuse of discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*. An abuse of occurs when the

11

trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.* When reviewing the sufficiency of evidence supporting a probation revocation, we neither reweigh the evidence nor judge the credibility of witnesses, but look at the evidence most favorable to the State. *King v. State*, 642 N.E.2d 1389, 1393 (Ind. Ct. App. 1994). If there is substantial evidence of probative value that probation was violated, revocation is appropriate. *Id.*

> The trial court revoked Willey-Rumback's probation, finding:
>
> Based upon the evidence that was uh submitted uh over the course of the trial, the Court finds that the defendant did violate his probation as alleged in 3a, committing the offense of robbery, a Class B Felony; in 3d, violating his curfew on May 19[th] and being at a place other than his residence outside of twelve a.m. to six a.m.; in 3e, that he was the company of a convicted felon, to-wit: William Wiley, who was convicted of burglary; and also as alleged in 3f, in that he was in possession of a gun in violation of rule number 4 in the probation orders.

(Tr. at 207.) Willey-Rumback argues the State did not prove he knew Wiley was a felon or was at a place other than his residence after curfew. Willey-Rumback does not dispute he committed Class B felony robbery. As a single violation of the terms of probation is sufficient to revoke probation, *Snowberger v. State*, 938 N.E.2d 294, 296 (Ind. Ct. App. 2010), we need not consider whether the trial court properly found the two violations Willey-Rumback contests.

## CONCLUSION

The trial court did not abuse its discretion when it allowed the State to amend Willey-Rumback's charges, because his rights were not substantially prejudiced by the amendment.

12

Willey-Rumback's counsel was not ineffective for failing to object to certain testimony during the proceedings, and the prosecutor did not commit misconduct during closing arguments. Finally, the State presented sufficient evidence to prove Willey-Rumback violated at least one of the terms of his probation. Accordingly, we affirm.

Affirmed.

BARNES, J., and FRIEDLANDER, J., concur.