## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 04 2019, 6:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher J. Hamman, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | September 4, 2019 <br><br> Court of Appeals Case No. 17A03-1708-CR-1870 <br><br> Appeal from the DeKalb Superior Court <br><br> The Honorable Monte L. Brown, Judge <br><br> Trial Court Cause No. 17D02-1610-FA-2 |

**May, Judge.**

[1] Christopher J. Hamman appeals his convictions of Class A felony child molesting[1] and Class B felony incest.[2] Hamman raises several arguments on appeal, which we restate as:

1. Whether there was sufficient evidence to support Hamman's convictions;

2. Whether the trial court abused its discretion in admitting some testimony of K.H. and Detective Rice;

3. Whether Hamman's right to be free from double jeopardy was violated;

4. Whether Hamman's sentence was appropriate in light of the nature of the offense and his character; and

5. Whether the trial court erred in imposing Probation Condition 26.

We affirm in part, reverse in part, and remand with instructions.

## Facts and Procedural History

[2] K.H. is the child of Hamman and his wife. In November 2007, when K.H. was eleven, Hamman's wife left the family. In December 2007, Hamman began molesting K.H. One night, Hamman laid down beside K.H. in her bed and

---

[1] Ind. Code § 35-42-4-3(a)(1) (2007).

[2] Ind. Code § 35-46-1-3(a) (1994).

cuddled her as she tried to fall asleep. Hamman then moved his hand under K.H.'s pajamas and inserted his fingers into her vagina. K.H. felt Hamman get an erection as he touched her. The encounter lasted between ten and twenty minutes.

[3] This kind of encounter occurred two or three times a month for several years. Hamman would sometimes be naked. K.H. recalled waking up naked on multiple occasions but having no recollection of what had happened. Hamman often spoke with K.H. about keeping the molestations a secret. Hamman would manipulate K.H. to stay silent by buying her gifts, including a pony, and by giving her money. Once in middle school, K.H. told a counselor what was happening, but Hamman told K.H. to drop the report, and the next day K.H. told the counselor she had lied because she wanted attention.

[4] The molestations continued until 2010, when Hamman's girlfriend moved in. In 2016, when K.H. was nineteen years old, she moved in with her boyfriend. K.H. returned to Hamman's house to retrieve some of her belongings while Hamman was on vacation. Hamman believed K.H.'s boyfriend had broken into his home and damaged his truck, so Hamman reported the incident to the police. The police interviewed K.H., who showed Detective Rice text messages between herself and Hamman regarding what had happened at Hamman's house. After seeing the messages, Detective Rice became concerned and questioned K.H. about her relationship with Hamman. K.H. became withdrawn, but eventually told Detective Rice about the molestations.

[5] In September 2017, Detective Rice interviewed Hamman. The interview began with discussion of Hamman's truck, but shifted to Hamman's relationship with K.H. Initially, Hamman admitted cuddling with K.H. in her bed but denied ever touching her inappropriately, and he also denied ever being naked while cuddling with K.H. Then, Hamman admitted to touching K.H.'s vagina once, but he claimed he did so to check if it was swollen after K.H. complained that it was. Hamman denied ever digitally penetrating K.H. Finally, Hamman confessed he rubbed K.H.'s vagina a few times because he was curious what it felt like. Hamman also admitted he became aroused and went to his bedroom to masturbate.

[6] The State charged Hamman with Class A felony child molesting and Class B felony incest. A jury found Hamman guilty of both counts. The trial court imposed a forty-year aggregate sentence with five years suspended to probation.

# Discussion and Decision

## 1. Sufficiency of Evidence

[7] Hamman argues there was insufficient evidence to support his convictions. When considering the sufficiency of evidence, "a reviewing court does not reweigh the evidence or judge the credibility of the witnesses." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *Id.* at 126 (internal citation omitted).

In particular, Hamman claims the evidence was insufficient because K.H. was the sole witness and K.H.'s testimony was incredibly dubious. "Under the incredible dubiosity rule, a court will impinge upon the jury's responsibility to judge the credibility of witnesses only when confronted with inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity." *Tillman v. State,* 642 N.E.2d 221, 223 (Ind. 1994). "Application of this rule is limited to cases . . . where a sole witness presents inherently contradictory testimony [that] is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the appellant's guilt." *Id.*

Hamman draws attention to a journal wherein K.H. wrote about the things that occurred in her childhood. In these entries, K.H. wrote about how she lied to get Hamman in trouble. (Ex. A.) Although K.H.'s trial testimony is inconsistent with the journal entries, she did not contradict herself on the stand. Trial testimony is not incredibly dubious simply because it contradicts pre-trial statements. *See Davenport v. State*, 689 N.E.2d 1226, 1230 (Ind. 1997) (although witness contradicted his pre-trial statements, his testimony was not incredibly dubious because he did not contradict himself while testifying), *clarified on reh'g on other grounds* 696 N.E.2d 870 (Ind. 1998).

The jury was made aware of the inconsistencies between K.H.'s testimony and her journal entries. The jury is to weigh the evidence and assess the credibility of witnesses in light of such inconsistencies. *See id* at 1231 (jury allowed to evaluate testimony inconsistent with pretrial statements, and inconsistencies do

not automatically render testimony incredibly dubious).  K.H.'s testimony was sufficient to support Hamman's convictions.[3]  *See, e.g., Wolf v. State*, 76 N.E.3d 911, 916 (Ind. Ct. App. 2017) (holding testimony inconsistent with prior statements is sufficient to support conviction). *See Morris v. State*, 114 N.E.3d 531, 536 (Ind. Ct. App. 2018) (uncorroborated victim testimony sufficient to support conviction) *trans. denied*.

## 2.  Admission of Evidence

Hamman argues the trial court abused its discretion by admitting statements made by K.H. and Detective Rice.  An abuse of discretion occurs if the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007).  "A trial court has broad discretion in ruling on the admissibility of evidence and we will disturb its rulings only where it is shown that the court abused that discretion." *Turner v. State*, 953 N.E.2d 1039, 1045 (Ind. 2011).

---

[3] The elements for Class A felony child molesting are: (1) a person, (2) at least twenty-one years of age, (3) with a child under fourteen, (4) performs or submits to sexual intercourse or deviate sexual conduct, (5) commits child molesting.  *See* Ind. Code § 35-42-4-3(a)(1) (2007).  The elements for Class B felony incest are: (1) a person, (2) eighteen years of age or older, (3) who engages in sexual intercourse or deviate conduct with another person, (4) who is less that sixteen years of age, (5) when the person knows that the other person is related to the person biologically, (6) commits incest.  *See* Ind. Code § 35-46-1-3(a) (1994).  Hamman admits all elements except for having the requisite intent to commit crimes.

## K.H.'s Testimony

At trial, K.H. testified regarding a time when she helped Hamman masturbate. Hamman objected, claiming the testimony violated Indiana Evidence Rules 403 and 404(b), because the testimony described an uncharged act and was unfairly prejudicial to Hamman. On appeal, Hamman argues the trial court improperly admitted this testimony in violation of Indiana Rule of Evidence 404(b), which controls the admissibility of "Crimes, Wrongs, or Other Acts" evidence and provides:

> (1) *Prohibited uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

> (2) *Permitted Uses; Notice in a Criminal Case.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

>> (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

>> (B) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice.

This rule is meant to prevent the jury from drawing the forbidden inference that the defendant is guilty of the crime he stands accused of committing because the

defendant committed other crimes in the past. *Udarbe v. State*, 749 N.E.2d 562, 564 (Ind. Ct. App. 2001).

[13] In examining the admissibility of Rule 404(b) evidence, courts apply a two-prong analysis. *Wages v. State*, 863 N.E.2d 408, 410 (Ind. Ct. App. 2007), *reh'g denied*, *trans. denied*. "First, the court must assess whether the evidence has some relevancy to a matter at issue other than the defendant's propensity to commit the charged act. Second, the court must weigh the probative value of the evidence against its prejudicial effect, pursuant to Evidence Rule 403." *Id.* (internal citation omitted). By necessity, the court's analysis of the admissibility of evidence under Rule 404(b) includes the relevancy test of Rule 401 and the balancing test of Rule 403. *Maffett v. State*, 113 N.E.3d 278, 283 (Ind. Ct. App. 2018).

[14] There are, however, exceptions that render admissible evidence that generally would be inadmissible under Evidence Rule 404(b). For example, the intent exception in Evidence Rule 404(b)(2) is available only "when a defendant goes beyond merely denying the charged culpability and affirmatively presents a claim of particular contrary intent." *Goldsberry v. State*, 821 N.E.2d 447, 455 (Ind. Ct. App. 2005). "The State may then respond by offering evidence of prior crimes, wrongs, or acts to the extent genuinely relevant to prove the defendant's intent at the time of the charged offense." *Iqbal v. State*, 805 N.E.2d 401, 407 (Ind. Ct. App. 2004), *trans. denied*.

[15] At trial, Hamman testified he never inappropriately touched K.H. Hamman said he only touched K.H.'s vagina to check to see if it was swollen "because she was complaining." (Tr. Vol. III at 186.) Hamman went on to deny being aroused by touching K.H. K.H. testified to a separate encounter with Hamman in which she helped him masturbate. K.H.'s testimony was relevant to demonstrate Hamman's intent when he touched her vagina.

[16] As for the second prong, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Ind. Evid. R. 403. The trial court specifically instructed the jury to consider the prior bad acts "solely on the issue of the Defendant's motive, intent, plan or absence of mistake or accident." (App. Vol. II. at 118.) This instruction limiting jury's use of evidence reduces probability of improper use of the evidence. Accordingly, we hold the probative value outweighed the prejudicial impact. *See Iqbal*, 805 N.E.2d at 409 (court did not abuse discretion in admitting 404 Evidence when limiting instruction constrained jury's use of prejudicial evidence).

### Detective Rice's Testimony

[17] Hamman also argues the court abused its discretion by allowing testimony from Detective Rice into evidence because it was inadmissible hearsay. Hearsay is "[a] statement that is not made by the declarant while testifying at the trial or hearing; and is offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c)(1)(2). Hearsay is inadmissible except as provided by law or other court rules. Evid. R. 802.

[18] Detective Rice testified about the conversation he had with K.H:

> Q. All right. And, uh, did she progress to the point where she, uh told you about the allegations that he had been touching her sexually?
>
> A. Yes.

(Tr. Vol. III at 15.) Hamman objected, arguing the testimony was inadmissible hearsay, but the trial court overruled his objection.

[19] The State argues this admission was harmless error. An error in admitting evidence does not require reversal unless it affects the substantial rights of a party. *Stewart v. State*, 754 N.E.2d 492, 496 (Ind. 2001). "The improper admission of evidence is harmless error when the conviction is supported by such substantial independent evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction." *Barker v. State*, 695 N.E.2d 925, 931 (Ind. 1998), *reh'g denied*. The erroneous admission of evidence may also be harmless if that evidence is cumulative of other evidence admitted. *Donaldson v. Indianapolis Pub. Transp. Corp.*, 632 N.E.2d 1167, 1172 (Ind. Ct. App. 1994).

[20] Detective Rice testified after K.H. had testified, and she testified about the allegations she made against Hamman. Therefore, Detective Rice's statement was cumulative of K.H.'s testimony. (*Compare* Tr. Vol. II at 199-202 *with* Tr. Vol. III at 15.) Thus, any possible error of the admission of Detective Rice's statement was harmless. *See, e.g., Davis v. Garrett*, 887 N.E.2d 942, 947 (Ind. Ct.

App. 2008) (holding admission of evidence harmless because evidence was cumulative of other evidence admitted), *trans. denied*.

## 3. Double Jeopardy

Hamman next argues his simultaneous convictions of child molesting and incest violate his constitutional right to be free from double jeopardy. *See* Ind. Const. Art. 1, § 14 ("No person shall be put in jeopardy twice for the same offense."). Two offenses are the "same offense" in violation of Indiana's Double Jeopardy Clause if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Spivey v. State*, 761 N.E.2d 831, 832 (Ind. 2002). To determine whether the statutory elements test is violated, we apply the federal test: "whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932).

We review *de novo* whether a defendant's convictions violate this provision. *Spears v. State*, 735 N.E.2d 1161, 1166 (Ind. 2000), *reh'g denied*. "When two convictions are found to contravene double jeopardy principles, a reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation. If it will not, one of the convictions must be vacated." *Richardson v. State*, 717 N.E.2d 32, 54

(Ind. 1999), *holding modified by Garrett v. State*, 992 N.E.2d 710 (Ind. 2013) (modification as to cases involving hung jury or acquittal).

[23] Hamman argues his convictions of both child molesting and incest violate the "actual evidence" test. The actual evidence test requires us to "determine whether each challenged offense was established by separate and distinct facts." *Id.* at 53. To determine what facts were used to convict, we consider the charging information, the final jury instructions, the evidence, and the arguments of counsel. *Davis v. State*, 770 N.E.2d 319, 324 (Ind. 2002), *reh'g denied*. The elements of Class A felony child molesting as charged against Hamman were: (1) Hamman; (2) who was at least 21 years of age; (3) with K.H.; (4) who was under the age of fourteen; (5) performed or submitted to intercourse or deviate sexual conduct. *See* Ind. Code § 35-42-4-3(a)(1) (2007). The elements of Class B felony incest as charged against Hamman are: (1) Hamman; (2) who was at least 18 years of age; (3) engaged in sexual intercourse or deviate sexual conduct; (4) with K.H.; (5) who was less than 16 years of age. *See* Ind. Code § 35-46-1-3(a) (1994).

[24] In its closing argument, the State argued the evidence satisfied the fifth element of Class A felony child molesting because Hamman "put his finger inside of her vagina and moved it around." (Tr. Vol. III at 207.) Later in closing, when explaining the evidence to support a conviction of Class B felony incest, the prosecutor said:

> [T]he next element, engaged in sexual intercourse or deviate
> sexual conduct, we went through this two (2) seconds ago, two

(2) minutes ago, the definition is the same. All right? The finger penetrated her vagina. That's all that's required.

(*Id*. at 210.)  Further into the argument, the prosecutor said:

He only did it once. I mean enough, that's enough for this charge, for both charges.

(*Id*. at 213.)  During his rebuttal argument to the defense's closing, the prosecutor said:

[W]e know there was at least one time this happened.  [K.H.] testified about more, this is what this references, you don't need to worry about all the other times, okay? What you need to worry about are the elements for this particular charge for one time.

(*Id*. at 241.)

[25] When the State asked the jury to find Hamman guilty of child molesting and incest, the prosecutor explicitly told the jury it could rely on one act of deviate sexual conduct to support both charges.  Thus, there is a reasonable probability the jury relied on the same evidence to find Hamman guilty of child molesting and incest.  Accordingly, we vacate Hamman's conviction of Class B felony incest.  *See Clark v. State*, 732 N.E.2d 1225, 1229 (Ind. Ct. App. 2000) (vacating two attempted arson convictions when all three convictions were based on one act).

# 4. Sentence Appropriateness

[26] Hamman also argues his sentence is inappropriate in light of his character and the nature of his offense.

> We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

*Couch v. State*, 977 N.E.2d 1013, 1017 (Ind. Ct. App. 2012), *reh'g denied, trans. denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*.

[27] When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer v. State*, 868

N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). The sentence for a Class A felony is a fixed term of between twenty and fifty years, with the advisory sentence being thirty years. Ind. Code § 35-50-2-4 (2005). Hamman was sentenced to forty years, thus receiving below the maximum but above the advisory sentence for his child molesting conviction.[4]

[28] Regarding the nature of Hamman's offense, the trial court noted Hamman was in a position of trust. K.H. was Hamman's daughter and lived with him alone after her mother left. *See Edrington v. State*, 909 N.E.2d 1093, 1101 (Ind. Ct. App. 2009) (defendant violating position of trust with victim allowed for an enhanced sentence), *trans. denied.*

[29] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). Hamman has no criminal history. However, due to the heinous nature of the crime and K.H. being his daughter, we do not find Hamman's elevated sentence to be inappropriate. *See Harlan v. State*, 971 N.E.2d 163, 172 (Ind. Ct. App. 2012) (enhanced sentence appropriate for defendant who repeatedly sexually abused child he cared for).

---

[4] Hamman was ordered to serve his sentences concurrently, therefore our vacation of his Class B felony incest conviction does not alter the time he was ordered to served.

## 5. Probation Condition

[30] Finally, Hamman argues the trial court erred when it imposed Probation Condition 26, which has been held unreasonable. "The trial court's broad discretion in determining the conditions of probation is limited only by the principle that the conditions must be reasonably related to the treatment of the defendant and protection of public safety." *Stott v. State*, 822 N.E.2d 176, 179-80 (Ind. Ct. App. 2005), *trans. denied*. Probation Condition 26 states:

> You shall not access the Internet or any other on-line service through use of a computer, cell phone, iPod, Xbox, Blackberry, personal digital assistant (PDA), pagers, Palm Pilots, televisions, or any other electronic device at any location (including your place of employment) without prior approval of your Probation Officer. This includes any Internet service provider, bulletin board system, e-mail system or any other public or private computer network . . .

(App. Vol. II at 187.) In *Weida v. State*, our Indiana Supreme Court held this language in Probation Condition 26 is unreasonable because it does not reasonably relate to a defendant's "rehabilitation and protecting the public." 94 N.E.3d 682, 694 (Ind. 2018).

[31] As the Court noted in *Weida*, Probation Rule 26 underwent significant revision and now states:

> You are prohibited from accessing, viewing, or using internet websites and computer applications that depict obscene matter as defined by IC 35-49-2-1 or child pornography as defined by 18 U.S.C. § 2256(8). You shall not possess or use any data

encryption technique or program to conceal your internet activity.

*Id.* at 692 (*quoting* Sex Offender Special Conditions). *See also* Ind. Code § 35-38-2-2.2(4) (2012) (requiring trial court to include same language). Here, the trial court imposed the former version of Probation Condition 26 restricting Hamman's lawful conduct on the internet. As such, we remand for the trial court to impose the revised version of Probation Condition 26. *See Weida*, 94 N.E.3d at 694 (probation conditions restricting internet access must be reasonably related to rehabilitation and public safety).

# Conclusion

[32] K.H.'s testimony was not incredibly dubious and, therefore, was sufficient to convict Hamman of Class A felony child molesting and Class B felony incest; however, because the prosecutor argued the jury could rely on the same act of penetration to convict Hamman of both crimes, we must vacate his conviction of incest on double jeopardy grounds. Additionally, K.H.'s testimony regarding an uncharged crime Hamman allegedly committed was not a violation of the Indiana Rules of Evidence, and the admission of Detective Rice's hearsay testimony was harmless error. Finally, Hamman's forty-year sentence is not inappropriate, but we must remand for the trial court to amend Hamman's probation conditions to include the most recent version of Probation Condition 26. Accordingly, we affirm in part, reverse in part, and remand with instructions.

[33] Affirmed in part, reversed in part, and remanded.

Mathias, J., and Brown, J., concur.