**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jun 25 2014, 10:00 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

BRAUNEL MACKEY,                        )
                                       )
    Appellant-Defendant,           )
                                       )
        vs.                    )     No. 49A02-1310-CR-873
                                       )
STATE OF INDIANA,                      )
                                       )
    Appellee-Plaintiff.            )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven Eichholtz, Judge
Cause No. 49G20-1303-FB-14423

June 25, 2014

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Braunel Mackey appeals his fifteen-year sentence for class B felony unlawful possession of a firearm by a serious violent felon ("SVF").[1] He asserts that sentence is inappropriate in light of his character and offense. We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 2, 2013, at 1:30 a.m., as Mackey entered Babe's West, a strip club in Indianapolis, he attempted to bypass the security pat-down. Melvin Hall, one of the club's security guards, stopped him. Hall conducted a routine pat-down on Mackey and felt the slide of a pistol in Mackey's crotch area. Hall alerted other security guards while keeping his hand on the handgun in Mackey's pants. Mackey struggled with Hall and continuously tried to reach the handgun. Brandon Levett, another security guard, and Tony Martin, the club manager, helped Hall handcuff Mackey. While Mackey was handcuffed, Martin retrieved the handgun from Mackey's boxers, where Mackey had the grip wedged in between his buttocks with the barrel pointed toward his penis. Martin handed the handgun to Levett, who unloaded it and gave it to the police officer who arrived at the scene.

A jury found Mackey guilty of Class B felony unlawful possession of a firearm by an SVF. The judge requested a presentence report (PSI). Following the sentencing hearing, the court found three aggravating factors: Mackey's criminal and arrest history, Mackey's failure to complete past Community Corrections placements, and his pending charges for acts committed while released on bond in this case. The court found no mitigating factors and ordered a fifteen-year sentence executed at the Department of Correction.

---

[1] Ind. Code § 35-47-4-5.

**DISCUSSION AND DECISION**

Mackey asserts his fifteen-year sentence, which is five years more than the advisory sentence for a Class B felony, *see* Ind. Code § 35-50-2-5 (stating advisory sentence for a Class B felony is ten years), is inappropriate in light of his character and the nature of his offense. We have the constitutional authority to revise a sentence if, after considering the trial court's decision, we conclude the sentence is inappropriate in light of the nature of the offense and character of the offender. Ind. Appellate Rule 7(B). "We recognize, however, the special expertise of the trial courts in making sentencing decisions; thus, we exercise with great restraint our responsibility to review and revise sentences." *Scott v. State*, 840 N.E.2d 376, 381 (Ind. Ct. App. 2006), *trans. denied*. Mackey has the burden on appeal of persuading us his sentence is inappropriate. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

Regarding the nature of the offense, one factor we may consider in determining the appropriateness of the deviation from the advisory sentence is "whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the typical offense." *Wells v. State*, 2 N.E.3d 123, 131 (Ind. Ct. App. 2014), *trans. denied*. To commit unlawful possession of a firearm by an SVF, Mackey needed only to possess a firearm. *See* Ind. Code § 35-47-4-5 (defining the crime as an SVF who knowingly and intentionally possesses a firearm). The record reveals Mackey concealed a loaded handgun in his boxers and tried to enter the club without being searched. Once the security guard felt the handgun, Mackey struggled with the guards and continuously reached for the gun. The incident escalated to the point that the guards handcuffed Mackey and called the

3

police. Martin testified the club's normal procedure when a gun is found involves asking the patron to return it to his or her car and then searching the patron again on reentry. Mackey's offense is more egregious because he tried to avoid being searched and because he reached for the gun as he struggled with security guards. *See Morgan v. State*, 934 N.E.2d 1246, 1252 (Ind. Ct. App. 2010) (holding escalating danger to people in the area was an aggravator).

As for Mackey's character, the record reveals that, as a twenty-three-year old man, he has a history of both juvenile and adult arrests, convictions of misdemeanors and felonies, and misconduct reports while in the Department of Correction. Mackey completed one community corrections placement, but did not complete his most recent placement. While out on bond awaiting trial on this cause, Mackey engaged in acts for which the State charged him with unlawful possession of a firearm by an SVF, intimidation, residential entry, pointing a firearm, and unlawful use of body armor. In Mackey's PSI, the investigator noted Mackey lied about his drug use and gambling habits. (PSI at 9-11.) At trial, Mackey claimed to be "one of the main providers" for his children, (Tr. at 142), but the PSI indicates their mother provides for them financially. (PSI at 9.) Mackey's history reveals a disregard for the law and his character does not suggest this sentence is inappropriate. *See Morgan*, 934 N.E.2d at 1252 (finding an extensive criminal history and arrest record made a fifteen-year sentence appropriate for a Class B felony).

**CONCLUSION**

In view of Mackey's character and the nature of his offense, we cannot hold the sentence imposed by the trial court was inappropriate. Accordingly, we affirm.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.